380 A.2d 485

**Nicholas HATGIMISIOS, Appellant,**

v.

**DAVE'S N.E. MINT, INC.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided Dec. 2, 1977.

Paul M. Goldstein, Philadelphia, for appellant.

Martin A. Ostrow, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

Appellant sued appellee in replevin. When appellee failed to answer interrogatories, appellant, acting under Philadelphia Civil Rule 4005*(d),[1] took default judgment. The lower court granted appellee's petition to open the judgment, and this appeal followed.

Opening a default judgment is a matter of judicial discretion. That discretion, however, is to be exercised only if three requirements are first met: (1) the petition to open has been promptly filed; (2) a legitimate explanation exists for the delay that prompted the default judgment; and (3) a meritorious defense is averred. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). Here, appellee has failed to meet the first requirement.

The default judgment was entered on April 6, 1976. Appellant's counsel notified appellee's counsel of the judgment by a letter dated April 7. On May 14, that is, thirty-seven days after entry of the judgment, appellee filed its petition to open. The petition did not aver that it had been promptly filed, nor did it aver any reason why it had not been filed for thirty-seven days. Thirty-seven days is not a very long delay, and might not be hard to explain; but

---

1. Now Philadelphia Civil Rule 145.

unexplained it is too long. *See Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977) (forty-seven days); *Texas & B.H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 130 A.2d 508 (1957) (twenty-seven days; prejudice shown). Especially is this so since, given the provisions of Philadelphia Rule 4005*(d), appellee had at least forty days notice of appellant's intention to take the default judgment.[2] Under these circumstances, the lower court erred in opening the judgment.[3]

Reversed; judgment reinstated.

JACOBS, J., dissents.

**2.** Rule 4005*(d) provides, in pertinent part:

If the adverse party fails to file of record answers to interrogatories within the time period required by this Rule . . . , the Prothonotary shall, on praecipe and certification of service *and upon ten (10) days' notice* by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers *within thirty (30) days* of the date of the order, and providing for sanctions as hereinafter set forth. (Emphasis added.)

**3.** The facts in this case are similar to those in *Strickler v. United Elevator Co. et al.*, 248 Pa.Super. 258, 375 A.2d 86 (1977). There, however, the petitioner filed a petition to strike which was the motion appropriate to a dispute on the validity of a judgment taken under Rule 4005*(d). Here, appellee filed only a petition to open. We ought not *sua sponte* convert the one into the other. *See Kros. v. Bacall Textile Corp.*, 386 Pa. 360, 365 n.*, 126 A.2d 421, 424 n.* (1956). Whether appellee may now bring a motion to strike is a question we need not decide.