423 A.2d 379

**MAIN LINE ABSTRACT COMPANY, Appellant,**

**v.**

**PENN TITLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed Dec. 1, 1980.

546

John J. O'Brien, West Chester, for appellant.

Brett A. Huckabee, Reading, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Chester County striking a judgment entered by default.

Appellant, prior to this action, was an agent of appellee in Chester County. However, on November 22, 1978, appellant initiated an action in trespass and assumpsit asserting that appellee had breached an Agency Agreement. The relief sought was $150,000.00 in unliquidated damages.

Shortly before this action, appellant's counsel and appellee's Executive Vice–President and chief counsel, Lyle Hilton, discussed the proposed litigation. Hilton agreed to accept service of the complaint to save appellant the cost of having the sheriff serve it.

Thereafter on November 29, 1978, the complaint was received at appellee's offices.

On December 21, 1978, appellant filed a praecipe for entry of judgment by default in the amount of $150,000.00 and such judgment was entered. Thereafter on the 22nd of

December, appellee's counsel received notice of the default and on December 26, 1978, filed a petition to strike and/or open the default judgment. After depositions were taken and arguments heard, the court struck the default because no acceptance of service of the complaint, per Pa.R.C.P. 1011,[1] was of record.

Appellant contends that the certified mail return receipt constituted sufficient acceptance of service within the meaning of Pa.R.C.P. 1011.

The rule gives us no guidance as to what is proper acceptance of service by the defendant. Nor do the cases provide guidance.

The court in striking the judgment held that local practice required that acceptance of service by a defendant must be in writing and filed with the original complaint in the prothonotary's office, and that no such acceptance was on the record.

Trial counsel for appellee testified that such was his belief as to what constituted proper acceptance of service by a defendant (see R.R. pg. 82a).

A commentator on the Pennsylvania Civil Procedural Rules, 2 Anderson Pa.Civil Practice § 1011.1, suggest the following:

> The manner in which acceptance of service is to be established is not regulated by the rule. Rather than rely on his own affidavit or that of the person presenting the process for acceptance, the plaintiff should obtain a written statement of acceptance from the adverse party or his attorney. This may either be endorsed on the writ or complaint of which service is accepted or written on a separate paper. In either case, the acceptance is then filed with the prothonotary who notes the fact of acceptance upon the docket or record of the action.

We believe that such on the record acceptance of service by the defendant is contemplated (although not

1. Rule 1011 permits a defendant to accept service of a writ or complaint in lieu of service by the sheriff.

expressed) by the rules, in view of the rule which requires the sheriff to make a return (R.1013).

Foremost to the institution of legal action is notice to the other side of its commencement. Where a sheriff makes service of process, his return is of record. Where service is effectuated by the defendant's acceptance of the complaint, we believe that such acceptance should be in writing and on record by one authorized to accept such service for the defendant.

Finding no such acceptance on record here, we believe that it was proper to strike the judgment entered below since there was a "fatal defect" on the face of the record. *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972).

█ Notwithstanding the above discussion, we believe that the equities were served by the lower court action.

We have stated time and again that "snap judgments" are not looked upon favorably by our court. (see e.g. *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979). Indeed Pa.R.C.P. 237.1 now requires that prior to entry of a default judgment, proof of notice to the defendant of one's intention to take such action must be filed.

Here, the judgment was taken approximately 22 days following service of the complaint. Thus since appellee has shown that a meritorious defense exists and that a prompt filing of the petition to open was made, we believe that, regardless of whether it is proper to strike the judgment, the equities would require us to open it anyway.

Therefore, we believe the action of the lower court was proper.

Order affirmed.

LIPEZ, J., files a concurring statement.

LIPEZ, Judge, concurring:

I agree that there was a fatal defect on the face of the record since it fails to show either proper service of the complaint or acceptance of service. Hence the judgment was properly stricken.