434 A.2d 790

## CARSON PIRIE SCOTT & COMPANY

v.

**Peter A. PHILLIPS and Michael L. Culver, individually and now or formerly t/a Carpetmobile, a partnership, and Peter A. Phillips and Christine Phillips.**

**Appeal of Peter A. PHILLIPS.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Sept. 4, 1981.

354

M. Richard Mellon, Erie, for appellant.

Donald L. Phillips, Pittsburgh, submitted a brief on behalf of appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Presently before the court is the appeal by appellant Peter A. Phillips from the order of the lower court dated November 5, 1979 wherein the lower court refused appellant's petition to open judgment.

We reverse and remand.

The facts may be briefly summarized as follows: On April 16, 1979, appellee, a commercial carpet distributor, brought an action sounding in trespass and assumpsit against divers entities including the appellant as an individual, for damages as a result of merchandise sold and delivered but not paid for. On April 30, 1979, counsel for the Phillips filed preliminary objection which were dismissed by order of the lower court dated June 1, 1979. On June 5, 1979, counsel for the Phillips filed a petition for reconsideration. On that same date, appellant caused interrogatories to be served upon the appellee. On June 29, 1979, the lower court dismissed appellant's petition for reconsideration.

On August 13, 1979, appellee filed a praecipe for default judgment against Peter A. Phillips and Christine Phillips, his wife in the total amount of $6,477.28. On August 30, 1979, Peter A. Phillips and Christine Phillips filed a petition to open judgment. Appellee filed an answer thereto and on October 23, 1979, argument on said petition to open judgment was convened in the lower court.

On November 5, 1979, the lower court granted the petition to open judgment in favor of Christine Phillips but refused the petition to open judgment as to appellant, Peter A. Phillips. Hence this appeal by appellant Peter A. Phillips only.

■ Our scope of review on appeal from either the opening or the refusal to open a judgment taken by default has been clearly defined over many years. To reiterate, our scope of review on appeal from the lower court's grant or refusal to grant a petition to open a judgment taken by default is a narrow one. A Petition to open judgment is first an appeal to the equitable and discretionary powers of the lower court and as such, the exercise of the lower court's discretion in either opening or refusing to open a judgment taken by default will not be disturbed on appeal unless the lower court has committed a clear abuse of discretion or an error of law. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Sprouse v. V. F. W. Post 7155*, 237 Pa.Super. 419, 352 A.2d 134 (1975); *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975).

■ In order to open a default judgment in an assumpsit action (here, assumpsit and trespass), three elements must coalesce: (1) the petition to open must be promptly filed; (2) the failure to answer must be reasonably explained; and (3) a meritorious defense must be shown. *McCoy v. Public Acceptance Corp.*, supra, *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970). As we stated in *Kraynick*, supra:

> The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant. (At 443 Pa. 111 and 277 A.2d 147).

■ Until recently, the taking of a "snap" judgment has been most troublesome to the orderly administration of justice. In the instant case, the judgment was taken on August 13, 1979 notwithstanding the fact that appellee's

counsel had had numerous contacts with counsel for appellant Peter A. Phillips. Further, there can be no doubt that appellee was cognizant of the fact that appellant was represented by counsel. In fact, in June of 1979, appellant's counsel served interrogatories on appellee's counsel.

In an effort to ameliorate the inequities which oft times inured, the rules committee adopted Rule 237.1 Pa.Rules of Civil Procedure on December 14, 1979, effective February 1, 1980. Rule 237.1 provides in relevant part:

Rule 237.1  Notice of Praecipe for Entry of Default Judgment

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

As found in the explanatory note accompanying Rule 237.1, we sharply disapprove the entry of "snap judgments" without notice.

As this court stated in *Brooks v. Surman Dental Lab Inc.*, 262 Pa.Super. 369, 373–74, 396 A.2d 799, 802 (1979):

We note in closing that once again, appellees' counsel failed to give any notice to appellants of an intent to enter a default judgment. Although the Rules of Civil Procedure do not contain a notice requirement, we have repeatedly chastized counsel for failing to accord that courtesy. In *Silverman v. Polis*, 230 Pa.Super. 366, 370–71, 326

A.2d 452, 454–55 (1974), Judge Cercone wrote for a majority of this court:

> "One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted.]
>
> .    .    .    .    .
>
> . . . . [A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision. [Footnote omitted.]"

In the instant case, we conclude that all three of the criteria necessary to open a judgment taken by default have been satisfied; the petition was promptly filed, appellant's failure to answer was reasonably explained or excused, and a meritorious defense was shown.

Notwithstanding the promulgation of Rule 237.1, we wholeheartedly reaffirm our statement found in *Dupree v. Lee*, 241 Pa.Super. 259, 361 A.2d 331 (1976) that "there must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with orderly administration of justice."

However, we are of the opinion that in the instant case, that *point* had not yet been reached. We therefore conclude that the lower court abused its discretion when it refused appellant's petition to open judgment.

The order of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.