446 A.2d 321

**Robert MAHLER, Appellee,**

v.

**James EMRICK and Judi Emrick, and Panel & Tile Mart, Inc.**

v.

**Dan K. ROSS and Marie V. Ross, his wife,
Intervenors, Appellants.**

Superior Court of Pennsylvania.

Argued May 21, 1981.

Filed May 28, 1982.

Lee C. McCandless, Butler, for appellants.

R. Bruce Ralston, Butler, for appellee.

Before HESTER, POPOVICH and DiSALLE, JJ.

POPOVICH, Judge:

This is an appeal from an order of the court below denying appellants' petition to open judgment or strike a judgment and stay a sheriff's sale of certain real estate which had been purchased by appellants. This appeal followed. We affirm.[1]

---

1. Jurisdiction is vested in this Court pursuant to 42 Pa.C.S. § 5105(c) and Pa.R.A.P. 311(a) which provide that an interlocutory appeal may be taken as of right from an order refusing to open, vacate, or strike off a judgment.

Initially, it must be noted that appellants' petition, a "PETITION TO OPEN OR STRIKE AND STAY SHERIFF'S SALE", is essentially one to open the judgment since the factual averments stated therein were "based on ... matter[s] dehors the record." *J. F. Realty Co. v. Yerkes*, 263 Pa.Super. 436, 440, 398 A.2d 215, 217 (1979).[2] Accord *DeFeo v. MacIntyre*, 265 Pa.Super. 95, 99, 401 A.2d 818, 819 (1979); See also Pa.R.C.P. 2959 (all motions to strike or open a judgment must be set forth in a single petition).

In reviewing the lower court's ruling on a petition to open a default judgment, we have stated that a court should not exercise its discretion to grant a petition unless the petitioner meets three requirements:

(1) the petition to open has been promptly filed;

(2) a legitimate explanation exists for the delay that prompted the default judgment; and

(3) a meritorious defense is averred."

> *Hatgimisios v. Dave's N. E. Mint, Inc.*, 251 Pa.Super. 275, 276, 380 A.2d 485 (1977). Accord *Duffy v. Gerst*, 286 Pa.Super. 523, 429 A.2d 645, 650 (1981).

Additionally, we have said that " '[e]quitable considerations are generally no longer relevant' unless related to a particular defense asserted." *Bell Fed. Sav. & Loan Asso. v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 398, 435 A.2d 1285, 1286 (1981) (quoting *Kardos v. Morris*, 470 Pa. 337, 341, 368 A.2d 657, 660 (1977). When the relevant guidelines are applied to the facts of the instant case, the record reveals that appellants failed to meet the first two requirements.

The record in the instant case reveals the following:

A default judgment was entered on February 23, 1979. Written notice of entry of the judgment was sent to appel-

---

**2.** In this connection, we have applied the following guidelines:
"If the alleged defect in the judgment is based on a matter dehors the record, the proper approach is to petition the court to open the judgment. On the other hand a motion to strike is proper only when the defect in the original judgment appears on the face of the record." Id.

lants, the Panel & Tile Mart, Inc., on or about February 26, 1979.[3]

On April 27, sixty-three days after entry of the judgment, appellants filed the instant "PETITION TO OPEN OR STRIKE AND STAY SHERIFF'S SALE". The petition did not state that it was filed timely nor did it proffer an explanation for the delay in filing.

■ As this Court has stated before in a case which involved a shorter delay in the filing of the petition to open:

"Thirty-seven days is not a very long delay, and might not be hard to explain; but unexplained it is too long. See *Schutte v. Valley Bargain Center, Inc.*, [248] Pa.Super. [532], 375 A.2d 368 (1977) (forty-seven days); *Texas & B. H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 130 A.2d 508 (1957) (twenty-seven days; prejudice shown)." *Hatigimisios v. Dave's N. E. Mint, Inc.*, 251 Pa.Super. at 276, 380 A.2d at 486.

In the instant case, where appellants' "unexplained" delay in filing the petition was almost twice as long as the one which existed in *Hatigimisios*, the petition to open was not filed promptly.

Additionally, we observe that appellants did not advance in the petition or on appeal any articulable reason for the delay which occasioned the entry of the default judgment.

The facts in relation to this aspect of the appeal reveal the following:

■ Appellants averred in the petition that appellee "brought a proceedings [sic] on the mortgage on January 12, 1979 . . . and finally entered a money judgment . . . and issued execution thereon February 23, 1979." Record No. 3. The "money judgment" which appellants referred to contained the following information:

---

3. At the time the original complaint was filed, Panel & Tile Mart, Inc. and James Emrick were the defendants. The record shows that Dan and Marie Ross, the owners of Panel & Tile Mart, Inc., were joined as intervenors for the purposes of taking an appeal.

## "JUDGMENT

AND NOW, to-wit: February 23, 1979, a Complaint in Mortgage Foreclosure, duly endorsed with *notice to plead, having been served upon the defendants, and more than twenty (20) days having elapsed since service of the same,* and no answer having been filed, JUDGMENT is hereby entered in favor of the Plaintiff and against the Defendants, JAMES EMRICK: JUDY EMRICK: and PANEL & TILE MART, INC. in the amount of Twenty-one thousand five hundred forty-three and 95/100 Dollars ($21,543.95) with Interest, and costs, as per Praecipe filed at A.D. No. 79–056 Book 114 Page 364.

/s/ John H Wise
Prothonotary"

Record No. 1, (emphasis added).[4]

Under these circumstances, the court did not abuse its discretion in denying appellants' petition to open because no legitimate explanation was advanced for the delay which prompted the default judgment.

For the purposes of this case, we note that at the time the original complaint in equity was filed, January 12, 1979, the Rules of Civil Procedure did not require that notice of praecipe for entry of a default judgment be given to the party. However, effective February 1, 1980, Pa.R.C.P. 237.1 was enacted.

In pertinent part, this rule provides:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom the judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a

---

**4.** Pa.R.C.P. 1026 provides that "[e]very pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe."

Rule 237.1 was enacted because of the inequities which inured to a party when a default judgment was taken without notice on the next day or within a few days after the deadline for filing an answer to the complaint. *Carson v. Pirie Scott & Co.*, 290 Pa.Super. 353, 357, 434 A.2d 790, 791 (1981). These judgments, termed "snap" judgments, were frowned upon by the courts even before the enactment of Rule 237.1 when this Court said that:

" '[o]ne very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment.' " Id., 290 Pa.Super. at 358, 434 A.2d at 792.

However, in those cases where the "lack of such notice" has been singled out as an important factor, other facts also were determinative; namely, the judgment was taken on the first day that the parties were in default, see *Queen City Electrical Supply Co., Inc. v. Soltis Electric Co., Inc.*, 491 Pa. 354, 421 A.2d 174 (1980) (the first day party was in default; *Main Line Abstract Co. v. Penn Title Insurance Co.*, 282 Pa.Super. 545, 423 A.2d 379 (1980) (the second day); *Quaker Transit Co. v. Jack W. Blumenfeld & Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1980) (the second day); *Nardulli v. John Carlo, Inc.*, 274 Pa.Super. 34, 417 A.2d 1238 (1979) (the second day); *Safeguard Investment Company v. Energy Service Associates, Inc.*, 258 Pa.Super. 512, 393 A.2d 476 (1978) (the first day); *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977) (the first day). Additionally, the relief sought by the party in default was sought without undue delay. *Main Line Abstract Co. v. Penn Title Insur-*

*ance Co.*, supra (five days after default judgment was taken); *Quaker Transit Co. v. Jack Blumenfeld & Co.*, supra (fourteen days); *Safeguard Investment Company v. Energy Service Associates, Inc.*, supra (nine days); compare *Queen City Electrical Supply Co., Inc. v. Soltis Electric Co.*, supra, (twenty month delay was reasonable under the circumstances) with *In Re Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978) (three month delay in filing petition to strike was unreasonable).

In the instant case, judgment was not taken immediately after the parties were in default. Rather, the record reveals that appellee waited until February 23, 1979, which was approximately twenty-two days from the deadline in which an answer to the complaint had to be filed. Therefore, this case cannot be characterized as a "snap" judgment case. See *Bollinger v. Cressman*, 267 Pa.Super. 535, 407 A.2d 39 (1979) (no "snap" judgment where one month after complaint was served, default was taken). Moreover, as stated above, appellants delayed more than two months without explanation in the filing of their petition to open.

Thus, because appellants failed to meet the first two requirements for opening a default judgment, there is no need to discuss whether a meritorious defense existed.[5] See e.g., *Penn Clair Construction Co. v. Eden Roc Country Club*, 292 Pa.Super. 377, 381, 440 A.2d 514, 516 (1981); *MacClain v. Penn Fruit, Inc.*, 241 Pa.Super. 303, 305, 361 A.2d 403, 404 (1976).

Order affirmed.

DiSALLE, J., did not participate in the consideration or decision of this case.

---

**5.** We note that the court below dismissed appellant's petition on the merits. However, although we have relied on grounds different from those stated in the trial court, this Court "may affirm the action of a lower court on a different rationale than that advanced by the lower court . . . ." *Commonwealth v. Meischke*, 273 Pa.Super. 134, 139 n. 3, 416 A.2d 1126, 1128 n. 3 (1979). Accord *Sones v. Aetna Casualty and Surety Co.*, 270 Pa.Super. 330, 411 A.2d 552 (1979).