523 A.2d 1166

CENTRAL PENN NATIONAL BANK, Appellee,

v.

Roy V. WILLIAMS, Jr., a/k/a Roy V. Williams and Joy A. Williams, a/k/a Joy A. Williams, Jointly and Severally, and Roy V. Williams, a/k/a Roy V. Williams, Sr., and Roy V. Williams, Executor of the Estate of Gertrude M. Williams, a/k/a G.M. Williams, Deceased, Jointly and Severally.

Appeal of Roy V. WILLIAMS, a/k/a Roy V. Williams, Sr., and Roy V. Williams, Executor of the Estate of Gertrude M. Williams, a/k/a G.M. Williams, Deceased, Jointly and Severally.

Superior Court of Pennsylvania.

Submitted Oct. 2, 1986.

Filed April 9, 1987.

Arsen Kashkashian, Jr., Philadelphia, for appellants.

Milton A. Wollman, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Montgomery County Court of Common Pleas denying appellant's petition to strike and/or open a default judgment. On September 17, 1984, appellee Central Penn National Bank ("Central Penn") filed a complaint against appellant, as a surety, and others to recover monies due under a loan and suretyship agreement executed on June 22, 1977. On October 24, 1984, in response to a motion for a more specific complaint filed by appellant's co-defendants, Central Penn filed an amended complaint against appellant and his co-defendants but failed to serve process on appellant. Consequently, on April 18, 1985, appellee reinstated the amended complaint. On April 27, 1985, appellee personally served appellant at his principal residence. Appellant never filed any responsive pleadings. On May 18, 1985, pursuant to Pa.R.C.P. 237.1, appellee mailed to appellant at his principal residence a ten-day notice of praecipe for entry of default judgment. On May 30, 1985, a praecipe for judgment was filed, and a judgment by default was entered against appellant for $68,205.34.

On July 10, 1985, appellant filed a petition to strike and/or open judgment. He alleged that he never received the notice of praecipe for entry of default judgment because he was out of town when it was mailed. On August 14, 1985, appellee filed an answer to the petition. On October 21, 1985, without taking any depositions, appellant filed a praecipe to list the case for argument. After hearing oral argument on the petition and answer, the court of common pleas denied the petition.

Appellant raises a single issue on appeal: Is mailing of the notice to defendant's principal address sufficient to comply with the requirements of Pa.R.C.P. 237.1, or must the defendant actually receive such notice? The trial court found that actual receipt of the notice by defendant is unnecessary and that mailing the notice to an address known to be defendant's principal residence is sufficient. We agree and therefore affirm the order of the trial court.

 Ordinarily, the entry of a default judgment is conclusive. A petition to strike judgment may be granted only when a fatal defect appears on the face of the record. *Parliament Industries v. William H. Vaughn & Co.*, 501 Pa. 1, 459 A.2d 720 (1983). On the other hand, a petition to open is addressed to the equitable powers of the court and will not be overturned absent an error of law or a clear, manifest abuse of discretion. *Hudgins v. Jewel T Discount Store*, 351 Pa.Super. 329, 505 A.2d 1007 (1986). Moreover, a court generally may not open a judgment unless the petitioner meets the following requirements:

(1) the petition has been filed promptly;

(2) the failure to act on the original complaint can be reasonably explained; and

(3) the petition avers a meritorious defense to the underlying claim.

*Mahler v. Emrick*, 300 Pa.Super. 244, 446 A.2d 321 (1982).

Before addressing the merits of appellant's petition to open and/or strike by applying the standards set forth above, we note that in *Lazzarotti v. Juliano*, 322 Pa.Super. 129, 469 A.2d 216 (1983), this court stated:

It is well settled that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. Pa.R.C.P. 209[4] provides the procedure for establishing such proof. Pursuant to Rule 209, the petitioner must either take depositions on *disputed factual issues* or order the cause for argument on the petition and answer, thereby conceding the existence of all *facts* properly pleaded in the answer.

4. Pa.R.C.P. 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on *disputed issue of fact;* or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule)....

*Id.*, 322 Pa.Superior Ct. at 134, 469 A.2d at 218 (citations omitted) (emphasis in original). *See also Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961); *Hudgins v. Jewel T Discount, supra.*

■ Because appellant/petitioner elected to order the cause for argument on petition and answer and did not take depositions, we must accept as true the factual averments pleaded in appellee's answer, which effectively denied the truth of the facts recited in the petition. *See* Pa.R.C.P. 209. That being so, we must disregard the factual allegations of appellant's petition including his assertions that he never received notice and that he was absent from his residence when the notice was sent. Thus appellant's petition to open/and or strike must be denied. Even if appellant had supported by deposition the factual assertions contained in his petition, those allegations do not compel the opening and/or striking of the default judgment.

Appellant contends that he never received the notice of praecipe for entry of default judgment, and that nonreceipt of the notice constitutes the necessary defect on the face of the record that would compel a court to strike judgment. We disagree.

Pennsylvania Rule of Civil Procedure 237.1(a) provides the procedure for notice of praecipe for entry of default judgment:

> (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe *was mailed* or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe (emphasis added).

Appellee's praecipe for entry of default judgment contained a certification that the notice of intent to file for a default judgment was sent to defendant by certified mail, return receipt requested. Rule 237.1 requires only that there be certification that "written notice of intention to file the

praecipe was mailed ... to the party against whom judgment is to be entered and to his attorney of record, if any...." [1] Appellee complied completely with the requirements of Rule 237.1 as to notice and the form of that notice.

▆▆▆ In addition, the explanatory note to Rule 237.1 outlines the proper method of notice of intention to file the praecipe for default judgment:

The notice of intention to enter default judgment may be mailed or delivered. Registered or certified mail is not required. The ten-day grace period for compliance runs from the date of delivery, if the notice is delivered. *If the notice is mailed, the ten-day period runs from the date of mailing and not from the date of receipt.*

Pa.R.C.P. 237.1, Explanatory Note (1979) (emphasis added). There is no support either in Pa.R.C.P. 237.1 or in its explanatory note for appellant's contention the the rule requires the defaulting party to receive actual notice of intention to file the praecipe for entry of default judgment. Rather, the rule requires only that the notice be mailed or delivered to the party against whom judgment is to be entered. The explanatory note expressly states that simply mailing the notice constitutes compliance with the rule. Notice by certified mail is unnecessary. Moreover, the ten-day period between the notice of intent to take a default judgment and the entry of judgment is measured from the mailing date of the notice, *not* from the date of receipt of the notice. A requirement of actual notice cannot be imposed upon Rule 237.1. *See* Pa.R.C.P. 103(a) ("[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage ...").

Appellant brings to our attention the case of *Brown v. Great Atlantic & Pacific Tea Co.*, 314 Pa.Super. 78, 460 A.2d 773 (1983). In that case we found that the trial court had abused its discretion by denying defendant's petition to open or strike a default judgment. Defendant had not received notice of praecipe for entry of default judgment

1. At the time notice was sent to appellant, he had no attorney of record.

because plaintiff was at fault in sending notice to defendant at an address that counsel for plaintiff knew to be wrong.

*Brown* is easily distinguished from the case now before us. Here, appellant concedes that there was no fault on the part of appellee Central Penn in sending the notice. *See* Appellant's Brief at 8. Central Penn sent the notice to appellant's principal residence where less than one month earlier appellant had been personally served with the reinstated, amended complaint. In this case it is appellant who was at fault by failing to respond to the complaint. Further, he made no arrangements while away from home for the handling of any papers that might be sent to him in connection with the cause of action he knew to be pending against him. Therefore, there exists no defect on the face of the record in this case that would justify striking the default judgment.

■ With regard to the trial court's denial of appellant's alternative petition to open the default judgment, we find no abuse of discretion or error of law. Appellant failed to aver a meritorious defense to the action, one of three requirements that must be met to justify the opening of a judgment. *See Mahler v. Emrick, supra.* A petition must "not only allege a meritorious defense, but such defense must be set forth in precise, specific, clear, and unmistaken terms." *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 135, 403 A.2d 577, 579 (1979) (quoting *Ab v. Continental Imports,* 220 Pa.Super. 5, 9, 281 A.2d 646, 648 (1971)). *See also Emperee v. Meyers,* 440 Pa. 430, 269 A.2d 731 (1970); *Young v. Mathews Trucking Corp.,* 383 Pa. 464, 119 A.2d 239 (1956); *Carrozza v. Girard Chevrolet Co.,* 200 Pa.Super. 502, 190 A.2d 577 (1963). Here, appellant has merely stated conclusively in his petition that he has a meritorious defense. Such a self-serving claim is insufficient to meet the requirement that petitioner must aver a meritorious defense before a court is justified in opening a judgment.

Order affirmed.

CAVANAUGH, J., concurs in the result.