# Davis v. Chaney

*Andrew L. Winder,* for plaintiff.
*Peter J. O'Donnell,* for defendant.

QUIGLEY, *P.J.,* November 27, 1991—

## MEMORANDUM

This case involves a specific performance claim as well as a quiet title action. Before getting to the merits of these claims, a preliminary threshold issue must be addressed. The defendant, one Chaney, was not obtainable after efforts were made to reach him by phone, mail and in person. Subsequent to the filing of an affidavit detailing these efforts, this court ordered plaintiffs to serve notice upon defendants via publication and posting.

The complaint and notice to defend were published in the *Waynesboro Record Herald* and the *Port Royal Times,* the 12th and 13th of February 1991, respectively. These same items were posted at the defendant's last known address on February 21, 1991. The answer, therefore, was due approximately March 10, 1991. The

defendant did not answer. Not until April 4, 1991, did plaintiffs file a praecipe for default judgment. When plaintiff sought to secure a final order, the defendant appeared and moved to either strike or open the judgment.

The defendant raises three contentions with the complaint and process utilized by plaintiff. First, defendant contends that pursuant to Rule 405 of 42 Pa.C.S., plaintiffs did not file a return of service for the published complaints prior to the filing of the Praecipe for Default Judgment. Secondly, defendants contend that plaintiffs failed to give a secondary notice, that is, a notice of praecipe for entry of default judgment. Finally, defendants assert that the complaint itself is legally invalid since it avers a cause of action for specific performance based on an oral agreement, which the defendants claim is barred by the Statute of Frauds.

As to the first contention Rule 405 of Pa.C.S. says nothing specifically concerning when return of service shall be made. Sub-paragraph (a) of 405 makes the only mention of a time limitation, when, in speaking about service of original process, it states, "shall make a return of service forthwith." 42 Pa.C.S. 405, sub-paragraph (a). Sub-paragraph (d) states that a return of service by a person other than the sheriff shall be by affidavit. Plaintiff's counsel filed affidavits from officials of both newspapers on August 20, 1991. The affidavits were signed concurrently with the publishing of the complaints.

Case law is sparse concerning this issue. An Erie County case concluded that where a proof of service is merely defective, the default judgment is not nec-

essarily void and the proof or return of service can be corrected after a default judgment is issued. *Wood v. Kuhn,* 22 Erie Leg. J. 236 (1940). Both affidavits from the newspaper officials are accompanied by clippings of the complaints published. Although these affidavits were filed with the court subsequent to the default judgment, the judgment should not be opened merely because of this technicality.

Defendant also contends that the judgment should be opened because the plaintiff failed to give notice of an intention to file a praecipe for entry of default judgment. 42 Pa.C.S. 237.1. This rule states that an additional notice must be given to a defendant after a default occurs and at least 10 days prior to the filing of the praecipe. The explanatory note to this rule states that it was the intent of the Legislature to curb what are known as "snap-judgments." *Id.* These are situations where plaintiff files a praecipe for default judgment immediately after the complaint is unanswered when due.

Where a plaintiff has waited an additional period before filing a praecipe for default judgment, this added notice requirement has been waived. *Mahler v. Emrick,* 300 Pa. Super. 251, 446 A.2d 321 (1982) (where plaintiff waited 22 days after answer was due to file praecipe). Plaintiff here waited roughly 25 days after the answer was due to file his praecipe. There are situations Rule 237.1 was not intended to cover. *Carson v. Pirie Scott and Company,* 290 Pa. Super. 359, 434 A.2d 790 (1981).

Finally, the defendant contends that the complaint is legally void since it is an action for specific performance based on an oral agreement. This, according

to the defendant, is barred by the Statute of Frauds. The Pennsylvania rule concerning the situation is as follows:

"It is well settled that the Statute prevents the entry of a decree of specific performance against the vender under the oral contract,... unless it appears that continuous and exclusive possession was taken under the contract *and* improvements were made by the vendee, not readily to be compensated in money, *or* other equitable considerations make it impossible to do justice saved by specific performance."

The majority of cases look broadly toward the clause in the rule, "or other equitable considerations make it impossible to do justice saved by specific performance." One of these "equitable considerations" is the amount of time which has passed prior to the initiation of an action for specific performance. The defendant sold his rights to the property to the plaintiffs in 1969. It has been 21 years since the defendant has set foot on this property. It has been held that this time factor is considered because it would be inequitable to aid one who has induced another's detrimental reliance by his failure promptly to pursue his rights. *Rarry v. Shimek,* 360 Pa. 315, 62 A.2d 46 (1948).

It is for these reasons that defendant's petition to strike off default judgment should be denied.

## ORDER

And now, November 27, 1991, in accordance with the within memorandum, defendant's motion to strike and/or open judgment is denied.