## Santarelli v. Procaccini

*James C. Crumlish III,* for plaintiff.
*Charles M. Golden,* for defendants Evans.
*Edward Reif,* for defendant Procaccini.

GORDON, *J.,* January 27, 1998—This is an appeal from the granting of the defendants', Benjamin R. Evans and Linda Evans', preliminary objections to the plaintiff's complaint. This case arises from a complaint in which the plaintiff asserts various claims against the defendants, including fraud, breach of fiduciary duty, unjust enrichment, conversion and breach of contract. The plaintiff, Daniel Santarelli, along with the defendants, Benjamin Evans, Linda Evans and Louis Procaccini, owned and operated the now defunct E&S Corporation. Neither the

writ of summons nor the complaint names E&S Corporation as a defendant.

On April 7, 1994, the plaintiff issued a writ of summons which was reissued on May 6, 1994 and again on July 11, 1994. On October 1, 1996, the court issued a rule to show cause why judgment of non pros should not be entered, to which the plaintiff filed a civil case information sheet on October 30, 1996. The complaint was filed on June 5, 1997. On May 15, 1997, the attorney for Joseph Procaccini filed an entry of appearance and filed an answer to the complaint on June 27, 1997.

On June 25, Benjamin and Linda Evans filed their preliminary objections alleging, inter alia, lack of service and lack of personal jurisdiction. The preliminary objections aver that they were not properly served with the writ of summons nor the complaint in accordance with Pa.R.C.P. no. 402, and therefore this court does not have personal jurisdiction over them.

Preliminary objections are governed by Pa.R.C.P. no. 1028. A party may file objections to any pleading based on lack of personal jurisdiction via improper service of a writ of summons or a complaint. A party may file an amended pleading as of course within 20 days after service of a copy of a preliminary objection.

The standard of review is to treat all well-pleaded factual averments as admitted and determine whether recovery is available, as a matter of law, under any pleaded theory. See *e.g., Kimmel Township Taxpayers Association v. Claysburg Kimmel School District,* 146 Pa. Commw. 57, 604 A.2d 1149 (1992). Pennsylvania Rules of Civil Procedure require that service of original process (including writs and complaints) be within specified

guidelines so as to reasonably assure that the defendant is notified and aware of a pending action against him. Rule 402 states:

"(a) Original process may be served

"(1) by handing a copy to the defendant; or

"(2) by handing a copy

"(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

"(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

"(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

Further, Rule 402(b) allows original process to be served upon a defendant's attorney only if the attorney is an agent duly authorized to receive process, having entered an appearance of record and returned an acceptance of service form certifying that the attorney is authorized to accept service on behalf of the defendant. It states:

"(b) In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document which shall be substantially in the following form [acceptance of service form]."

The Pennsylvania courts have consistently held that in order for personal jurisdiction to attach, the rules relating to service of process must be strictly followed and there is no presumption as to the validity of service. Per-

sonal jurisdiction over a defendant is dependent upon proper service having been made. See *e.g., Commonwealth v. Stewart,* 374 Pa. Super. 479, 543 A.2d 572 (1988); *Sharp v. Valley Forge Medical Center and Heart Hospital Inc.,* 422 Pa. 124, 221 A.2d 185 (1966); *Neff v. Tribune Printing Co.,* 421 Pa. 122, 218 A.2d 756 (1966); *McCall v. Gates,* 354 Pa. 158, 47 A.2d 211 (1946).

In the case of *Commonwealth v. Stewart, supra,* Bonnie and James Stewart separated because of marital problems. Bonnie Stewart filed a petition for primary custody of a minor child, from which the court issued an order for James Stewart to show cause why primary custody should not be granted. The court further ordered a preliminary hearing scheduled approximately two weeks later. Neither the petition nor the court order was served on James Stewart. The evening before the hearing, Mrs. Stewart commented about the hearing in a telephone call to Mr. Stewart. James Stewart did not attend the hearing and a court order was issued granting primary custody to Bonnie Stewart.

The Superior Court ruled that jurisdiction of the person may only be obtained through consent, waiver or proper service of process. The record showed that Bonnie Stewart had attempted to serve the petition on James Stewart through his attorney. The court stated, however, that because the attorney had not entered his appearance on behalf of James Stewart in that matter, service of process was not achieved.

The Superior Court went on to state that actual notice, in the absence of proper service, is insufficient to bring a respondent within the jurisdiction of the trial court.

In the present case, the plaintiff filed the first writ of summons on April 7, 1994. Shortly thereafter, on April 15, 1994, the defendants' attorney, handling a separate legal matter for Benjamin Evans, sent a letter to the plaintiff requesting that any original process relevant to the suit of April 7, 1994 should be served on him. It is unclear from the correspondence whether such request was authorized by Mr. Evans. Both defendants aver that, although the attorney in question was representing them in a separate legal matter, they had neither retained counsel for this case nor had they authorized acceptance of service for this action.

The plaintiff states in his answer to the preliminary objections that in the letter of April 15, 1994, the defendants' attorney expressly agreed and represented that he was authorized to accept service. The plaintiff's attorney has also filed a sworn affidavit with this court stating that he was instructed by defendants' then attorney to serve, and did so serve, a writ of summons upon the attorney.

This court concludes that the plaintiff did not effectuate proper service on the Evanses and, therefore, this court lacks in personam jurisdiction over them.

First, we should note that we do not find it persuasive that the plaintiff believed the letter of April 15, 1994 satisfied the certification requirements of Rule 402. In a reply letter dated May 20, 1994, the plaintiff acknowledged the attorney's request for service but also included an acceptance of service form to certify authorization. In fact, the plaintiff stated in his response letter:

"Enclosed are the summons and acceptances of service for Benjamin R. Evans and for Linda Evans. Please

execute both acceptances of service and return them to me no later than May 26, 1994. If I do not receive them by the 26th, I shall direct the sheriff to serve the summons."

The acceptance of service forms for original process were never returned, nor did counsel for the Evanses file an entry of appearance on behalf of the defendants.

Secondly, submission of an affidavit that service was perfected has no basis or validity under Rule 402. Affidavits of service are governed by Rule 405 and refer to the *return* of service by someone other than the sheriff. Affidavits do not negate the provisions of Rule 402 which require that process be served upon the defendant or an authorized agent. Goodrich-Amram 2d, Standard Pennsylvania Practice §§402, 405.

Thirdly, the plaintiff's belief in the attorney's authority is irrelevant. Simply requesting that service be made in a particular manner does not satisfy Rule 402(b) or the holding of *Stewart, supra.* Rule 402(b) does not allow as an exception a letter from an attorney asking to be served. Rule 402(b) requires that the defendant accepting original process sign a document to that effect so that it may be placed on the record. See *Main Line Abstract Co. v. Penn Title Insurance Co.,* 282 Pa. Super. 545, 423 A.2d 379 (1980).

The *Main Line* court stated that filing the acceptance of service form with the prothonotary and having it noted on the docket is contemplated in view of the rule which requires the sheriff to make a return of service. Rule 402(b) also provides a form with suggested language that requires the attorney to certify that he is authorized to accept service. *Id.* at 548, 423 A.2d at 380.

Lastly, after three years, during which time there was no acceptance of service form filed and no entry of appearance by the defendants' attorney, the plaintiff filed the complaint on June 5, 1997. According to the plaintiff's certificate of service attached to the complaint, he then *served* the complaint by *first-class mail* to the address and attention of the same attorney as was sent the writ. Rule 403 authorizes original process to be served by mail only under specific circumstances. The rule begins by stating "*[i]f a rule of civil procedure authorizes* original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." (emphasis added)

Clearly, Rule 402 is not one of the rules which authorizes service by mail. Examples of rules specifically authorizing service of original process by mail are Rule 404 for service outside the Commonwealth, and Rule 412 in actions of custody, divorce and visitation of minors. Goodrich-Amram 2d, Standard Pennsylvania Practice §§400-441.

When the plaintiff did not receive an acceptance of service form after serving the writ, this should have put him on notice to take further steps. He had the option of serving the defendant via the sheriff and should have exercised it. The plaintiff cannot make assumptions that simply because a third party asks for service, such service is proper. The Rules of Civil Procedure specifically outline what process is required and it is up to the attorneys involved in the litigation to read and follow them.

When deciding a motion to dismiss for lack of personal jurisdiction, the court must consider the evidence

in the light most favorable to the non-moving party. *Barber v. Pittsburgh Corning Corp.,* 317 Pa. Super. 285, 464 A.2d 323 (1983). Viewing the evidence in the light most favorable to the plaintiff, and applying the applicable rules and case law, we conclude that proper service was not effectuated upon Mr. and Mrs. Evans. Ergo, this court does not have personal jurisdiction over the parties and they are not properly before this tribunal. Accordingly, the preliminary objections should be sustained.

As we are of the opinion that the issue of jurisdiction is dispositive of this matter, we do not deem it necessary to address the remaining objections raised by the defendants including bar of the statute of limitations, pendency of prior action, lack of conformity with Pa. R.C.P. No. 1019(h), lack of capacity to sue, legal insufficiency of the complaint, and motion to strike scandalous or impertinent matter.

Based on the foregoing, the defendants', Benjamin R. Evans and Linda Evans', preliminary objections were sustained.