J-A11006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEA PRODUCTS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIN UCIECHOWSKI | |
| Appellant | No. 2084 EDA 2021 |

Appeal from the Order Entered August 30, 2021
In the Court of Common Pleas of Monroe County
Civil Division at No: 003016-CV-2018

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 23, 2022**

Appellant, Erin Uciechowski, appeals from an order denying her petition to open or strike the default judgment entered against her in this mortgage foreclosure action.  The trial court properly denied Appellant's motion to strike because there was no fatal defect on the face of the record.  The trial court further acted within its discretion by denying Appellant's petition to open due to Appellant's 25½-month delay in filing the petition.  Accordingly, we affirm.

On April 27, 2018, Appellee DEA Products, Inc. filed a complaint in mortgage foreclosure against Appellant.  The complaint alleged that Appellee loaned Appellant $150,000 secured by a mortgage on property at 192 Fish Hill Road, Tannersville, Pennsylvania that Appellant executed on July 24, 2015. The loan was evidenced by a note calling for regular monthly payments of interest only.  Appellee attached the note and mortgage to the complaint.  At the time Appellee filed the complaint, Appellant had failed to pay nine months

of interest payments, the option renewals called for in the note, additional interest due during the option periods, late fees and the original $150,000 principal.

Appellant used the loan to purchase property from the Scranton Girl Scouts Council at 192 Fish Hill Road consisting of 30 acres and a former Girl Scouts Lodge. Appellee viewed the purchase and loan as commercial in nature, so prior to its foreclosure action, Appellee did not send the Act 6 or Act 91[1] notices required in residential loans.

Appellant's address in the note and mortgage, which she provided to Appellee, was 8258 Natures Drive, Tobyhanna, Pennsylvania. The note expressly provided that this address was to be used for all notices required under the note. Appellant never advised Appellee to use a different address for notices such as 192 Fish Hill Road, the property subject to the mortgage.

Appellant filed preliminary objections seeking dismissal of the complaint due to the lack of Act 6 and Act 91 notices. On September 7, 2018, the trial court overruled the preliminary objections, reasoning that the question whether this was a residential or commercial loan required discovery and trial. The court ordered Appellant to file an answer to the complaint within twenty days. Appellant failed to file an answer. Unbeknownst to Appellant, her

_____

[1] Act 6, the Loan Interest and Protection Law, is codified at 41 P.S. §§ 101—605. Act 91, the Homeowner's Emergency Mortgage Assistance Act of 1983, is codified at 35 P.S. §§ 1680.401c—1680.412c.

attorney at this time, Edward Kaushas, Esquire, had been suspended from practicing law on November 30, 2018.

On April 11, 2019, Appellee filed a praecipe for entry of default judgment against Appellant. The praecipe certified that Appellee sent a ten-day notice of intent to enter a default judgment to Appellant and her attorney more than ten days earlier. The praecipe included a copy of the ten-day notice dated December 21, 2018 that listed Appellant's attorney's address. Also attached was a letter addressed to Appellant at 8258 Natures Drive, Tobyhanna, Pennsylvania, the address listed in the loan for all notices. The court entered a default judgment against Appellant in the amount of $203,818.09 plus per diem interest of $53.42 until the date of sale.

The prothonotary mailed notice of the judgment to Appellant at 8258 Natures Drive, so Appellant learned of the default judgment approximately two weeks after its entry. N.T., 8/19/21, at 11 (Appellant's testimony at hearing on petition to open). Appellant promptly contacted attorney Kaushas, who stated that he was unaware of the judgment and would move to open the judgment. *Id.* at 12-13. Kaushas never filed anything with the trial court.

On February 24, 2020, almost one year after entry of judgment, Appellee filed a praecipe for writ of execution. On August 25, 2020, Appellee filed a praecipe to reissue the writ of execution, and around that time, the sheriff posted a notice of sheriff's sale at the property. *Id.* at 13-14. Appellant contacted Kaushas, who said he did not know why the sheriff's sale notice was there. *Id.* at 14.

The sheriff sale was scheduled for February 25, 2021. Appellant learned of the sheriff sale date, and she obtained new counsel. On February 23, 2021, new counsel filed a petition to stay the sheriff sale, and the court granted a stay until April 29, 2021. On April 5, 2021, Appellant filed a request to participate in the residential mortgage foreclosure diversion program, which was granted, and the sheriff sale was continued to July 29, 2021. The case proceeded to mortgage conciliation conferences, but the conciliator recommended that the case proceed to foreclosure because the parties could not resolve their differences.

On July 27, 2021, 25½ months after entry of judgment, Appellant filed a petition to strike or open judgment. On August 19, 2021, the court held a hearing on Appellant's motion. Appellant argued that she had moved into the structure located on the 192 Fish Hill Road property, and that she presently resided there. She stated that Appellee knew that she moved onto the property, that she never received notices of default at that address, and that she was never sent Act 91 or Act 6 notices, thus rendering the ten-day notice of default judgment and praecipe for default judgment defective. She further argued that the cause of the default judgment, and the delay in filing her petition to strike or open, was Kaushas's suspension from the practice of law.

In an opinion and order dated August 30, 2021, the court denied Appellant's petition to open or strike judgment. On the same date, the court reassessed judgment to $245,914.05. Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues in this appeal:

1. Whether the default judgment entered against the Appellant violated Pennsylvania Rules of Civil Procedure and is therefore void?

2. Whether the trial court erred and abused its discretion by denying Appellant's petition to open the judgment entered by default?

3. Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the Court's findings?

4. Did the trial court err in denying the Petition to Open the default judgment and failing to consider all three criteria for opening a default where numerous meritorious defenses to the allegations were contained in the Appellant's proposed Answer with New Matter to the Appellee's Complaint, where the Appellant provided a reasonable explanation for failing to file a timely responsive pleading, and when the Appellant, through new counsel, promptly filed a petition to open default?

5. Where the Appellant's Petition to open possessed a reasonable explanation or legitimate excuse for her default, did the trial court abuse its discretion in failing to give weight to the Appellant's meritorious defenses to the Complaint?

6. Did the trial court err in denying the Petition to Open the default judgment by failing to consider the equities of the matter, the prejudice to the Appellant if the petition to open was denied and whether the Appellee would suffer any prejudice if the petition to open default was granted?

Appellant's Brief at 5-6.

In her first argument, Appellant asserts that the trial court erred in denying her petition to strike[2] the default judgment on the grounds that the ten-day notice of intent to enter default judgment (1) was not addressed to her and was sent to the wrong address, and (2) was only sent to attorney Kaushas, who was suspended from practicing law at that time. These defects, Appellant claims, violated prerequisites for entering default judgment that are mandated under Pa.R.Civ.P. 237.1. We disagree.

A petition to strike judgment

> is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio....

*Bank of New York Mellon v. Johnson*, 121 A.3d 1056, 1060 (Pa. Super. 2015). "The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." *Continental Bank v. Rapp*, 485 A.2d 480, 483 (Pa. Super. 1984). In its review of the petition to strike, the court "is limited to the facts of record at the time the

---

[2] Striking a default judgment and opening a default judgment are "distinct remedies and generally not interchangeable." *Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa. Super. 2015). Accordingly, we discuss Appellant's requests to strike and open judgment in separate sections of this memorandum.

judgment was entered in deciding whether the record supports the judgment."
***Sharpe v. McQuiller***, 206 A.3d 1179, 1184 n.4 (Pa. Super. 2019).

An appeal from the denial of a petition to strike a default judgment "presents us with a question of law; consequently, our standard of review is *de novo* and our scope of review is plenary." ***U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 n.9 (Pa. Super. 2017).

The Rules of Civil Procedure require that the praecipe for entry of default judgment must include a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered, and to her attorney of record, if any, at least ten days prior to the date of filing. Pa.R.C.P. 237.1 (a)(2). A copy of the notice shall be attached to the praecipe. Pa.R.C.P. 237.1 (a)(3). The form of the notice is set forth at Pa.R.C.P. 237.5.

Here, Appellee's praecipe for entry of judgment certified that on December 21, 2018, over three months before entry of judgment, Appellee served the notice of intent to file the praecipe for judgment on both Appellant and Kaushas. Attached to the praecipe was the notice of intent in the form prescribed by Rule 237.5, as well as letters enclosing the notice dated December 11, 2018 to Appellant and Kaushas. The letter to Appellant was addressed to 8258 Natures Drive, the address prescribed for notices in the

loan. Collectively, these documents establish Appellee's compliance with the requisites for entering default judgment under Rule 237.1.

Appellant contends that the court should have stricken judgment because 8258 Natures Drive was not her correct mailing address. She claims that at the time Appellee sent the notice of intent to enter default judgment, Appellee knew that she moved into the 192 Fish Hill Road property. This argument fails because the loan expressly lists 8258 Natures Drive as the address where notices must be sent. As noted above, review of a petition to strike judgment is limited to the record as it existed at the time of judgment. Nothing in this record at the time of judgment indicates Appellee knew that Appellant resided at 192 Fish Hill Road or agreed to change the address for notices to 192 Fish Hill Road.

Next, Appellant argues that Appellee provided insufficient notice because Kaushas was suspended at the time of the notice in December 2018. Rule 237.1, however, only requires notice to be sent to Appellant's "attorney of record." Pa.R.C.P. 237.1(a)(2)(ii). The record reflects that Kaushas was Appellant's attorney of record at the time of the notice and that Appellee sent the notice to Kaushas. Therefore, notwithstanding Kaushas's suspension, the notice to him complied with Rule 237.1.

Appellant also argues that notice was insufficient because it did not comply with Act 6 and Act 91, the acts pertaining to notices in residential foreclosures. A defective Act 91 notice does not deprive a court of subject

matter jurisdiction over a foreclosure action. ***Beneficial Consumer Discount Co. v. Vukman***, 77 A.3d 517 (Pa. 2013). We cannot find any decision concerning whether a deficient Act 6 notice affects the court's jurisdiction. Nevertheless, since a defective Act 91 notice does not affect jurisdiction, it appears that a defective Act 6 notice does not affect jurisdiction, either.

In any event, nothing in the record at the time of entry of judgment indicates that Act 6 or Act 91 notices were necessary in this case. The trial court reasoned:

> [Appellant] alleges she now resides at the Fish Hill Road property, making it a residential property subject to a residential loan and Act 91 and Act 6 notices. However, simply residing at a property does not automatically make it "residential" for purposes of this loan or the Act 91 and Act 6 notices. For example, someone could reside in a commercial property or a property subject to a commercial loan without making it residential for purposes of Act 91 and Act 6 notices. Here, the property was formerly a Girl Scout Camp consisting of 30 acres with a lodge located thereon prior to [Appellant]'s purchase. It could be that the loan was considered a commercial loan made for that purchase. It is a disputed issue as to the intention of the parties to be determined in discovery and/or trial. It cannot be determined on the basis of a complaint and testimony on a petition to strike judgment. Therefore, it is not grounds to strike the judgment . . .

Opinion In Support Of Order Denying Petition To Strike Or Open Judgment, 8/30/21, at 9-10. We agree with this analysis.

For these reasons, the trial court correctly denied Appellant's petition to strike the judgment.

The remaining arguments in Appellant's brief challenge the trial court's decision to deny her petition to open judgment. We review the denial of a petition to open a default judgment under the following standard:

A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition. The party seeking to open the default judgment must establish three elements: (1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. Where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

*Scalla v. KWS, Inc.*, 240 A.3d 131, 135-36 (Pa. Super. 2020).

The trial court determined that Appellant had a reasonable excuse for failing to answer the complaint following the court's denial of her preliminary objections: her attorney, Kaushas, failed to file any pleading and also failed to inform Appellant that he was suspended from practicing law. Opinion at 11. The court also ruled that Appellant arguably had a meritorious defense: this was a residential loan, but Appellee failed to send Act 6 and Act 91 notices to her. *Id.* These rulings were proper exercises of the court's discretion.

With regard to the third element, timeliness of the petition, the court held that Appellant failed to demonstrate that her petition was timely filed. This, too, was a proper exercise of discretion.

The timeliness of a petition to open a judgment

is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as [timely.] Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, [] 620 A.2d 1206 [] ([Pa. Super.] 1993) (one day is timely); *Alba v. Urology Associates of Kingston*, [] 598 A.2d 57, [] ([Pa. Super.] 1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.*, [] 594 A.2d 345, [] ([Pa. Super.] 1991) (period of five days is timely).

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009).

We have held that petitions filed more than one month after entry of judgment are untimely. *See Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 193-94 (Pa. Super. 1998) (41-day delay in filing petition to open was untimely); *Hatgimisios v. Dave's N.E. Mint, Inc.*, 380 A.2d 485, 485 (Pa. Super. 1977) (37-day delay not prompt).

Here, Appellant failed to file her petition to open for 25½ months after entry of judgment. Appellee filed its praecipe for entry of default judgment on April 11, 2019. Appellant learned of the judgment in late April 2019 and spoke with attorney Kaushas, who said he would file to open the judgment. Kaushas did nothing, but Appellant took no action to protect her interests. In August 2020, over one year later, Appellant saw the sheriff sale notice posted. She again spoke with Kaushas, who replied that he did not know why a

sheriff's sale was scheduled. Appellant did nothing until February 23, 2021, six months later, when she retained new counsel and had him file a motion to stay the sheriff's sale. Following the motion for stay, Appellant allowed another five more months to go by before filing her petition to open on July 27, 2021.

The trial court determined that Appellant's petition to open was untimely, reasoning:

> While the initial delay [in filing the petition to open] due to Mr. Kaushas' suspension and empty promises to [Appellant] is reasonable, she should have followed up to verify the matter was being handled. She could have called the Prothonotary's office for information or come to the courthouse to check on the docket. However, she did not hear anything more from Mr. Kaushas or anyone else for over a year and she did nothing. After [Appellant] received notice of the sheriff sale, despite the promises of Mr. Kaushas dating back over a year and a serious red flag, [Appellant] still did nothing except call Mr. Kaushas[,] who had no answer for her. It would have been reasonable for [Appellant] to do something immediately after the August 2020 notification of a sheriff sale. It was clear at that time that Mr. Kaushas had failed [Appellant]. She still wasn't making any payments on the loan. Yet [Appellant] did not take any further action to find out what was going on with the foreclosure. In fact, [Appellant] then waited another six months to engage her current counsel to do something.

Opinion at 12. In our opinion, the decision to deny the petition to open was a proper exercise of the court's discretion. Appellant's delay in filing her petition to open was far longer than in **Allegheny Hydro No. 1** and **Hatgimisios**, where we found delays in filing of 41 and 37 days, respectively, to be unacceptably lengthy. While the initial delay in filing arguably was attributable to Appellant's counsel, she has not proffered a reasonable

- 12 -

explanation as to the remainder of the 25½ month delay during which she was aware of foreclosure proceedings. For this reason, the trial court properly denied her petition to open.

We affirm the trial court's order denying Appellant's petition to strike or open judgment.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 6/23/2022