## Brandeis v. Kenny

*Wisler, Pearlstine, Talone & Gerber,* for plaintiffs.
*James N. Peck,* for defendant.

HONEYMAN, J., July 19, 1963.—Plaintiffs instituted an action in trespass against defendant based upon an occurrence on October 21, 1962, in which an automobile operated by wife-plaintiff came into collision with an automobile operated by defendant, as a result of which wife-plaintiff sustained certain personal injuries and husband-plaintiff incurred certain expenses and loss resulting from the damage to the automobile which he owned and which was operated by wife-plaintiff, as well as medical expenses incurred on behalf of the wife in effecting treatment and cure for her personal injuries. In this action both plaintiffs seek damages to compensate them for the injury, damage, and loss that they suffered as a result of the alleged negligence of defendant.

To the complaint that they filed, defendant filed preliminary objections in the nature of a motion for a specific complaint, particularly with respect to paragraphs five and seven thereof. Paragraph five of the complaint describes the injuries to wife-plaintiff as follows:

"5. As a result of the collision recklessly and negligently caused by defendant, plaintiff sustained injuries to her body viz; contusions of the left side of the head, more particularly in the temporal region; cerebral concussion, contusions of the chest, and ribs with resulting injuries to the respiratory system; contusions of both knees and right ankle; fracture of the left maxillary first and second bicuspids together with the involvement of the surrounding blood vessels, nerves and soft tissue; all of which have caused plaintiff severe pain and suffering, physical and mental shock and temporary total disability, which has prevented plaintiff from attending to her usual and daily duties."

Counsel for defendant contends that this is not sufficiently specific and particular. With this we cannot agree. We have reviewed the authorities in defendant's brief, particularly previous opinions of this court: Winders v. Elby, 68 Montg. 288 (1952); Brehony v. Esrey, 60 Montg. 207 (1944).

In both of these cases the court directed an amended complaint to be filed to include more specific allegations of the personal injuries to plaintiff. However, a comparison of the averments in those cases and the averments in the instant case readily shows that the allegations herein are sufficient to apprise defendant of what he will be required to meet at trial. As Judge Forrest, now President Judge, said in his opinion in Pincus v. Wolf, 2 D. & C. 2d 389, 392 (1954):

"Pleadings should not be made instruments for the harassment and exasperation of litigants, bringing the judicial process into disrepute, but should help to narrow the issues and apprise defendant of what he will be required to meet at trial. If defendants still believe themselves unable from the pleadings alone to make adequate preparations for trial they may resort to the Pa. R. C. P. governing depositions and discovery, rules 4001, et seq., as amended April 12, 1954, and effective July 1, 1954. . . ."

Defendant also, in his preliminary objections, demands a more specific paragraph seven in the complaint. This paragraph is part of the complaint of husband-plaintiff and contains the allegations as to expenditures by him for medical care and treatment of wife-plaintiff. Defendant is entitled to have an enumeration in the complaint, in this regard, of the identity of the physicians and/or hospital or other institutions providing such medical services or treatment, the general nature thereof, as well as the amounts of money expended therefor, up to the date of the filing of the complaint or amended complaint. Obviously,

plaintiff cannot itemize such expenditures which occur after the filing of the complaint or amended complaint, and such itemization, if any, should be obtained through the employment of the rules of civil procedure pertaining to discovery. It may well be that paragraph seven of the instant complaint does not contain all of such expenditures and if it does not, then the objection of defendant is well taken and the complaint should be amended to include all expenditures by husband-plaintiff for the medical care and treatment of the wife-plaintiff up to the date of the amended complaint.

The third and last numbered paragraph of the preliminary objections is somewhat curious and unique. It states therein as follows:

"3. These preliminary objections shall be deemed to be continuing until the time of trial and require the complaint to be amended so that all claims for special damages are pleaded with particularity. At trial, any claim for special damages not pleaded with particularity will be objected to and the court will be asked to preclude any testimony concerning such claims."

Counsel for defendant does not cite any authority whatsoever for the proposition above-recited. This court is of the opinion that those who promulgated the rules of civil procedure intended preliminary objections to mean precisely what the words imply, viz. objections at any stage of the pleadings to be disposed of prior to the disposition of the main issue in the case. Pa. R. C. P. 1028 (c) states as follows:

"(c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." 2A Anderson Pa. Civ. Prac., §1028.7 states as follows:

"The court is required to determine all preliminary objections promptly. The effect of this provision is to stay the main action while the ancillary or collateral questions raised by the preliminary objections are determined."

The above-cited procedural rule makes it mandatory that the court dispose of the preliminary objections promptly and preliminarily, unless the party whose pleading is attacked by the preliminary objections voluntarily files an amended pleading in an effort to meet such objections. Under our local administrative procedure, preliminary objections in any action at law are brought before the court by means of counsel for either party filing a praecipe with the court administrator. Matters of this sort are heard regularly once a month by our court and disposed of promptly thereafter. However, we cannot be charged with the knowledge of outstanding preliminary objections in every action filed and indexed in the prothonotary's office. It would appear that unless and until either counsel chooses to follow our administrative procedure in order to have the matter disposed of by the court, that they have then brought about a stalemate in the particular action, precluding the matter from proceeding any further on the main issues.

Therefore, it is our opinion that preliminary objections cannot "be deemed to be continuing until the time of trial" as counsel for the defendant contends in his preliminary objections. Neither can preliminary objections be used as a substitute for discovery proceedings as counsel for the defendant contends in his brief, as well as in sample copies of letters which he represents to the court as having been sent to opposing counsel in the instant case as well as in similar situations in other matters. In such sample letter bearing no heading, counsel for the defendant states, inter alia:

"These preliminary objections are not dilatory pleadings but are designed as discovery proceedings to obtain information so that this case can be promptly brought to trial or a settlement made at the earliest possible date." Although his expressed aim in following this procedure may be very laudatory, it is clearly prohibited under the rules of civil procedure. As stated heretofore, so long as the preliminary objections lie dormant in the prothonotary's file, the case can never get to trial and, furthermore, there is no warrant for utilizing preliminary objections in lieu of discovery proceedings. It is said in 29 P. L. Encyc. 407:

"A motion for a more specific pleading will be dismissed where the objectant seeks the pleading of evidence. There is a tendency to remand the parties to discovery procedure, rather than to require amended pleadings, where it is doubtful whether the objecting party is seeking basic facts or evidence, but this rule should not be applied when the information sought should properly have been included in the pleading. On the other hand, if the court believes that the use of discovery will be more practical than the filing of a more specific complaint, it may dismiss the motion for a more specific complaint and direct the defendant to proceed under the discovery rules."

The undersigned member of this court is well aware of the frequent misuse of preliminary objections as done in the instant case. Many times he has conducted pretrial conferences in actions in which there are open, but dormant, preliminary objections in the files, as well as presiding as trial judge in actions where the same situation exists. Based upon the rationale of this opinion, all counsel shall take notice that cases listed for trial in which the pleadings are not closed will be stricken from the trial list. It should be readily recognized that it is just as incumbent upon the counsel who is pleading and is attacked by preliminary objections

to see to the "prompt" disposition thereof before the court as it is for the counsel who has filed the preliminary objections to do so. If both counsel choose to do nothing concerning the matter, then the action is not at issue, the pleadings are not closed, the case is not ready for final disposition on the main issues, and will have to lie dormant until one or the other counsel chooses to make a move or until some disgruntled litigant complains.

*Order*

And now, July 19, 1963, the preliminary objections in the nature of a motion for a more specific complaint are sustained insofar as paragraph seven of plaintiffs' complaint is concerned, and plaintiffs are directed to amend same within 20 days of the date hereof. In other regards, the preliminary objections are dismissed.