552 A.2d 313

Ann Sporer (Fee Simple Owner) and Interstate Outdoor Advertising Company (Lessee), Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 22, 1988, before Judges DOYLE, PALLA-DINO and SMITH, sitting as a panel of three.

*Keith Coslett,* with him, *Edward Erickson* and *E. Charles Coslett, Coslett* & *Coslett,* for appellants.

*Thomas P. Kennedy,* Assistant Counsel, for appellee.

OPINION BY JUDGE SMITH, October 14, 1988:

Appellants, the Estate of Ann Sporer[1] (Sporer) and Interstate Outdoor Advertising Company[2] (Interstate) appeal from the final order of the Court of Common Pleas of Lackawanna County which refused to vacate a prior order dated June 15, 1987 granting a judgment of non pros in favor of the Commonwealth of Pennsylvania, Department of Transportation (DOT), and dismissing with prejudice Appellants' petition for the appointment of a board of viewers. Issues presented for review pertain to whether the trial court abused its discretion in granting a non pros judgment and in dismissing Appellants' action in light of outstanding preliminary objections filed by DOT. The trial court is affirmed.

Appellants filed their petition for the appointment of a board of viewers on February 7, 1983 alleging a compensable taking as a result of action taken by DOT. Certain permits held by Interstate for constructing billboards on property leased from Sporer were revoked by DOT on February 8, 1977 on the ground that trees and/ or vegetation located within the right-of-way of a state highway were unlawfully cut. Appellant asserts that revocation of the permits was in the nature of a de facto condemnation.

DOT filed preliminary objections to Appellants' petition on February 28, 1983 followed by a memorandum in support thereof. The parties subsequently entered into a stipulation on April 13, 1983 which provided Appellants thirty days from the date of stipulation to secure new counsel and sixty days to reply to DOT's memorandum. On May 9, 1983, Appellants procured new counsel who filed a brief in opposition to DOT's preliminary objections on October 12, 1983. Admissions, pro-

---

[1] Fee simple owner of subject property.

[2] Lessee of subject property.

duction of documents, and depositions were requested by DOT on February 27, 1984, followed on March 15, 1984 by Appellants' petition for a protective order and stay of proceedings. After hearing on April 13, 1984, the trial court denied Appellants' petition for a protective order and stay.

On May 4, 1987, DOT filed a motion to dismiss the action, and alternatively, a motion for sanctions, based upon Appellants' failure to comply with discovery requests, to file briefs, and to engage new counsel for a three-year period[3] as well as prejudice to DOT as a result of Appellants' failures. Argument on DOT's motion was scheduled for June 15, 1987. Although properly notified, Appellants failed to respond either by answer as required by the trial court or appearance on the argument date. The trial court thus granted DOT's motions on June 15, 1987 and dismissed Appellants' action with prejudice. Appellants responded with a motion for reargument which was scheduled for September 15, 1987. The trial court, after reargument, determined that Appellants failed to present a compelling reason for the three-year period of inactivity, and accordingly, refused to vacate the previous order of June 15, 1987. Hence, this appeal.

This Court's limited scope of review is to determine whether the trial court abused its discretion in dismissing Appellants' case for failure to prosecute within a

---

[3] Appellants' second counsel motioned to withdraw on May 11, 1987 which was granted June 15, 1987. More importantly, Appellants' second attorney remitted a letter dated July 3, 1984 to the trial court which noted that Appellants' brief was due in response to DOT's brief filed two months previous, and explained that at the time he was served with DOT's second brief, the administrator of the Sporer estate discharged him as counsel. He further explained that he directed the administrator to obtain new counsel as soon as possible and that he would withdraw as counsel when a new attorney was engaged.

reasonable time. Exercise of such discretion will not be disturbed on appeal absent a showing of manifest abuse. *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 228 A.2d 732 (1967); *Supplee v. Department of Transportation,* 105 Pa. Commonwealth Ct. 488, 524 A.2d 1002, *appeal denied,* 515 Pa. 626, 531 A.2d 433 (1987).

Appellants initially contend that the trial court abused its discretion in dismissing their action since the antecedent conditions upon which to support a grant of non pros are absent. Appellants specifically assert that a non pros is inappropriate since the matter sub judice involves a de facto condemnation proceeding having a statute of limitations of six years with a petition for appointment of viewers filed February 8, 1983; that delay was not caused by Appellants, but by DOT in filing preliminary objections which stayed the proceedings; that the trial court failed to rule on preliminary objections; and that DOT was not prejudiced by any delay.

Entry of non pros is appropriate where delay indicates failure to prosecute the case with due diligence; absence of a compelling reason for the delay; and prejudice to the adverse party as a result of the delay. *Carroll v. Kimmel,* 362 Pa. Superior Ct. 432, 524 A.2d 954 (1987), *appeal denied,* 517 Pa. 613, 538 A.2d 496 (1988); *Kennedy v. Bulletin Company,* 237 Pa. Superior Ct. 66, 346 A.2d 343 (1975). The trial court properly determined that Appellants showed a lack of due diligence without reasonable explanation and prejudice to DOT. The record demonstrates Appellants' virtual abandonment of their action between April 1984 to June 1987 and their failure to engage substitute counsel until dismissal of their case three years later. Absent from the record is any compelling reason for Appellants' inactivity. And, pursuant to Lackawanna County's Rules of Court, prejudice to DOT was deemed admitted by

Appellants' failure to answer DOT's motions for dismissal and sanctions.[4] Furthermore, although statutes of limitations may be a consideration in determining the appropriateness of a non pros, they are not controlling since a non pros is premised upon the equitable principle of laches. *See James Brothers Lumber Company v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968); *American Bank and Trust Company of Pennsylvania v. Ritter, Todd and Haayen,* 274 Pa. Superior Ct. 285, 418 A.2d 408 (1980). Nor was the delay here caused by DOT's preliminary objections or the trial court's failure to rule thereon. Rather, the delay was solely attributable to Appellants' unwillingness to proceed. Appellants had the duty to proceed with their action and bore the risk of not acting within a reasonable time. *See Moore v. George Heebner, Inc.,* 321 Pa. Superior Ct. 226, 467 A.2d 1336 (1983); *Kennedy.*

Appellants next assert that the trial court abused its discretion and committed an error of law in determining that a non pros was applicable despite DOT's outstanding preliminary objections. DOT filed preliminary objections pursuant to Section 504 of the Eminent Domain Code,[5] which provides that the court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require. Appellants argue that DOT's discovery requests prior to disposal of preliminary objections were premature in that

---

[4] Additional support for the trial court's ruling rests with Appellants' failure to comply with various court orders. A trial court is empowered to enter judgment of non pros without a showing of prejudice where a party has unjustifiably violated a court order. *Broglie v. Union Township,* 319 Pa. Superior Ct. 141, 465 A.2d 1269 (1983).

[5] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-504.

the matter was stayed. Appellants' reliance on *Brandeis v. Kenny,* 31 Pa. D. & C. 2d 347 (1963) is misplaced since that case involved an issue governed by Pa. R.C.P. No. 1028(c) regarding prompt determination of all preliminary objections and that provision's effect of staying the main action until ancillary or collateral questions raised by preliminary objection are determined. Rules of civil procedure are merely instructive, not controlling, in eminent domain proceedings. *Hall v. The Middletown Township Delaware County Sewer Authority,* 75 Pa. Commonwealth Ct. 181, 461 A.2d 899 (1983). Moreover, Section 504 requires the court to take evidence by deposition or otherwise where an issue of fact is raised, and thus, DOT's discovery requests were not premature.[6]

Accordingly, no error of law or abuse of discretion having been committed, the trial court is affirmed.

### ORDER

AND NOW, this 14th day of October, 1988, the order of the Court of Common Pleas of Lackawanna County dated September 18, 1987 is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

[6] Appellants also contend that the trial court's dismissal of their action is contrary to *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304 (1987). Appellants' reliance thereon is again misplaced. That decision was narrowly tailored to the unique facts presented and premised upon an assumption that an emergency land-use ordinance forbade all uses of a camping ground destroyed by flood. The case at bar, on the other hand, solely concerns revocations of sign permits, not severe restrictions on land use.