553 A.2d 111

City of Philadelphia, Appellant *v.* Calhoun H. Williams, Appellee.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Kevin M. McKenna,* Assistant City Solicitor, with him, *Carl Oxholm, III,* Chief Deputy City Solicitor, for appellant.

*Bruce W. McCullough, Swartz, Campbell & Detweiler,* for appellee.

OPINION BY SENIOR JUDGE NARICK, January 19, 1989:

The City of Philadelphia (City) appeals from a decision of the Court of Common Pleas of Philadelphia County granting a petition to open judgment filed by Calhoun H. Williams (Williams). We reverse.

This suit has its genesis in a writ of summons filed by Williams on May 13, 1987. The City thereafter filed a rule to file a complaint on June 19, 1987. When Williams did not file a complaint, the City filed a praecipe for non pros judgment 17, 1987. For some unknown reason, the non pros judgment was not entered on the court's docket until August 17, 1987. Williams filed a petition to open judgment on September 23, 1987—thirty-six days after a non pros judgment had been entered. This petition was granted on January 20, 1988. Hence, this appeal.[1]

---

[1] There were representations made at oral argument that Williams personally received notice of the praecipe of judgment of non pros on July 17, 1987 and, therefore, did not file his petition to open judgment until sixty-seven days later. Because there is no

The City argues on appeal that (1) Williams did not satisfy the necessary criteria for opening a non pros judgment and (2) the court of common pleas erred as a matter of law in opening judgment based on the facts set forth in Williams's petition to open judgment because there were facts in dispute. We will proceed with our analysis keeping in mind that a petition to open judgment is addressed to the equitable powers of the court and the exercise of those powers may not be reversed on appeal absent an abuse of discretion. *Toczylowski v. General Bindery Co.,* 359 Pa. Superior Ct. 572, 519 A.2d 500 (1986).

Before a court may grant a petition to open judgment there must be a coalescence of three factors: (1) the petition to open judgment must be timely filed, (2) there must be a reasonable explanation or excuse for the default, and (3) facts constituting grounds for a cause of action must be alleged. *Toczylowski; Storm v. Golden,* 338 Pa. Superior Ct. 570, 488 A.2d 39 (1985); *Buxbaum v. Peguero,* 335 Pa. Superior Ct. 289, 484 A.2d 137 (1984); *Perri v. Broad Street Hospital,* 330 Pa. Superior Ct. 50, 478 A.2d 1344 (1984); *Walker v. Pugliese,* 317 Pa. Superior Ct. 595, 464 A.2d 482 (1983); *Lewis v. Reid,* 244 Pa. Superior Ct. 76, 366 A.2d 923 (1976).[2]

---

evidence in the record as to whether Williams received personal notice on July 17, 1987, we will rely on August 17, 1987 as the date when Williams should have been aware that a non pros judgment had been entered against him.

[2] Actually, there are two lines of cases regarding the necessary elements involved when a party seeks to open a non pros judgment. The second line of cases indicates that a court acted properly in entering a of non pros judgment if the following elements exist: (1) failure to prosecute with due diligence; (2) absence of a compelling reason for the delay; and (3) prejudice to the adverse party as a result of the delay. *James Brothers Lumber Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968); *Ann Sporer and Interstate Outdoor Advertising Co. v. Department of*

Therefore, our first consideration must be to determine whether the petition to open judgment was timely filed. Although it may be relevant, the length of the delay is not determinative. Rather, in making our assessment we must look to the reasonableness of the explanation for the delay. *See Versak v. Washington*, 359 Pa. Superior Ct. 454, 519 A.2d 438 (1986); *Alston v. Philadelphia Electric Co.*, 337 Pa. Superior Ct. 46, 486 A.2d 473 (1984).[3]

In the matter herein, Williams offers no reason as to why he waited thirty-six days before filing his petition to open judgment. Instead, Williams asserts that he timely filed his petition. Where no explanation has been offered as to why a party has waited thirty-six days before filing a petition to open judgment, we must hold that the petition was untimely filed. *See McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 500, 305 A.2d 698, 700 (1973) (delay of two and one-half weeks); *Pappas v. Stefan*, 451 Pa. 354, 358, 304 A.2d 143, 146 (1973) (delay of fifty-five days); *Texas Block House Fish and Game Club v. Bonnel Run Hunting and Fishing Corp.*, 388 Pa. 198, 203, 130 A.2d 508, 511 (1957) (delay of twenty-seven days after becoming aware of default judgment); *Bottero v. Great Atlantic and Pacific Tea Co.*, 316 Pa. Superior Ct. 62, 70, 462 A.2d 793, 797-98 (1983) (*unexplained* six-week delay following negotiations); *Mahler v. Emrick*, 300 Pa. Superior Ct. 244, 247, 446 A.2d 321, 323 (1982) (delay of sixty-three days); *Hatgimisios v. Dave's N.E. Mint, Inc.*, 251 Pa. Superior Ct.

*Transportation*, 122 Pa. Commonwealth Ct. 557, 552 A.2d 313 (1988); *Carrol v. Kimmel*, 362 Pa. Superior Ct. 432, 524 A.2d 954 (1987) *petition for allowance of appeal denied* 517 Pa. 613, 538 A.2d 496 (1988).

[3] For reasons not relevant herein, *Alston* was superseded by statute as stated in *Wolfskill v. Egan*, 350 Pa. Superior Ct. 223, 504 A.2d 326 (1984).

275, 276-77, 380 A.2d 485, 486 (1977) *(unexplained thirty-seven day delay)*; *Schutte v. Riley Bargain Center,* 248 Pa. Superior Ct. 532, 537-38, 375 A.2d 368, 371 (1977) (delay of forty-seven days).[4]

Because we believe they are important, we will discuss the remaining two elements which must exist before a petition to open judgment may be granted. The City's position is that Williams failed to offer a reasonable excuse or explanation for the default. We agree. The only reason set forth by Williams in his brief before the trial court as well as this Court as to why he could not proceed with his cause of action was that he suffered personal injuries in May and June of 1987 as a result of two automobile accidents. According to Williams, he was under doctor's care for his injuries and was required to visit his doctor's office one to three times a week. The trial court found that given the fact Williams was proceeding pro se his medical problems "could" have reasonably prevented him from pursuing his claim. We decline to so hold. The mere assertion that one has to visit his doctor's office one to three times a week without further explanation is not a sufficient excuse warranting the opening of a non pros judgment.

Lastly, the third element of the test is that the facts constituting a cause of action must be alleged. In the case *sub judice,* the trial court, noting that Williams' property was damaged by the action of City agents, con-

---

[4] Williams also asserts that the cases relied upon by the City here are not relevant because those cases involved default judgments against litigants who unlike Williams were represented by counsel. We cannot find any relevant distinction here between a default judgment and a non pros judgment. Also, the fact Williams initially proceeded pro se will not excuse his inaction. *Cf. E. G. Laird v. Ely and Bernard,* 365 Pa. Superior Ct. 95, 528 A.2d 1379 (1987); *Finney v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 101, 472 A.2d 752 (1984).

cluded that Williams had alleged sufficient grounds for maintaining a cause of action. However, the trial court's conclusion was based solely upon the allegations contained in Williams' petition to open judgment, and these allegations were effectively denied by the City in its answer to the petition.

It is well established that when a respondent effectively denies material allegations in a petition to open judgment, the petitioner must support his position with clear and convincing proof. *Philadelphia City Employees Federal Credit Union v. Bryant,* 310 Pa. Superior Ct. 526, 456 A.2d 1060 (1983); *Bell v. Jefferson Republican Club,* 304 Pa. Superior Ct. 157, 450 A.2d 149 (1982). The procedure for establishing such proof is set forth in Pa. R.C.P. No. 209.

Pursuant to Pa. R.C.P. No. 209, the petitioner must either take depositions on disputed factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the *answer.* However, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer. *Id.*

There are no time limits under Pa. R.C.P. No. 209 during which a party must take action. However, when neither party takes action under Pa. R.C.P. No. 209, it is premature for a court to rule on a petition to open judgment with just the petition and answer before it. *Philadelphia City Employees Federal Credit Union; Bell.*

In the matter before us, neither party took action under Pa. R.C.P. No. 209. The trial court, notwithstanding the fact that it had only the petition and answer before it, granted Williams' petition to open judgment even though the City had filed an answer to

Williams' petition effectively denying the allegations therein. Thus, the trial court had no basis factually for its determination. Ordinarily a remand would be required in order to conduct further proceedings consistent with Pa. R.C.P. No. 209; however, because we have concluded that the petition to open judgment was not timely filed and that Williams did not offer a reasonable explanation or excuse for the default, we are reversing the order of the trial court.

## ORDER

AND NOW, this 19th day of January, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

