Carol M. CAPTLINE and Equibank, N.A. as Co–Executors of the Estate of Mike Mazzaro, Appellants,

v.

COUNTY OF ALLEGHENY.

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.
Decided Jan. 21, 1997.
Publication Ordered April 28, 1997.

Louis J. Kober, II, Greensburg, for appellants.

Michael G. McCabe, Pittsburgh, for appellee.

Before FRIEDMAN and KELLEY, JJ., and ROGERS, Senior Judge.

FRIEDMAN, Judge.

Carol M. Captline and Equibank, N.A., co-executors of the Estate of Mike Mazzaro (collectively, Mazzaro), appeal from the December 21, 1995 order of the Court of Common Pleas of Allegheny County (trial court) denying Mazzaro's Petition to Open Judgment which Mazzaro filed after the trial court granted the County of Allegheny's (County) Petition to *Non Pros.*

The property at the center of this suit is approximately 105 acres of land in Findlay Township which has been owned continuously by Mike Mazzaro and his heirs since at least the 1960s. The property was used as a landfill in the 1960s and early 1970s until the County required Mazzaro to stop using the property in 1972 due to its inclusion into the perimeter of the Greater Pittsburgh Airport expansion area. Mazzaro has not used the property since 1972.

On July 31, 1980, Mazzaro filed a Petition for the Appointment of a Board of Viewers, alleging that there had been a *de facto* taking of the property on October 1, 1974; on July 31, 1980, the trial court appointed three people to be viewers. On August 22, 1980, the County filed preliminary objections to Mazzaro's Petition for the Appointment of Viewers, in which the County denied that Mazzaro had been deprived of the use and enjoyment of the property and also alleged that Mazzaro was barred from bringing this action by virtue of the doctrine of laches and the statute of limitations. Various procedural ma-

neuvering followed, including the appointment of three new viewers. However, no activity in this case was recorded from July 1981 until October 1994, when Mazzaro's current counsel entered his appearance; this was followed by the County's counsel's entry of appearance in February 1995.

On June 12, 1995, the county filed its Petition to *Non Pros,* alleging that, in light of the absence of activity on the record, Mazzaro had not diligently pursued the cause of action. The trial court granted the County's petition and, thereafter, denied Mazzaro's Petition to Open Judgment.

■ On appeal to this court from denial of the Petition to Open Judgment,[1] Mazzaro argues that the trial court violated Mazzaro's due process rights by failing to address the merits of the *de facto* taking claim before granting the County's Petition to *Non Pros* and that the trial court abused its discretion in denying his Petition to Open Judgment.

■ In his first argument, Mazzaro claims that the entry of *non pros* was in error because the trial court had not yet ruled on the preliminary objections raised by the County in 1980. According to Mazzaro, the Eminent Domain Code[2] does not mandate that a timely filed takings case be concluded within any specific period of time; because such cases often take many years to litigate, Mazzaro feels that the courts cannot demand a rapid conclusion. However, even in making this argument, Mazzaro admits that the relevant caselaw is not in his favor and, specifically, refers to *Supplee v. Department of Transportation,* 105 Pa.Cmwlth. 488, 524 A.2d 1002, *appeal denied,* 515 Pa. 626, 531 A.2d 433 (1987), and *Sporer v. Department of Transportation,* 122 Pa.Cmwlth. 263, 552 A.2d 313 (1988). In *Sporer,* we held that *non pros* was properly filed against a plaintiff who failed to proceed diligently with her suit, even though the defendant's preliminary objections had not yet been ruled upon. Like-

---

1. Our scope of review of a trial court decision in an eminent domain matter is limited to determining whether the trial court abused its discretion, committed an error of law, or whether the findings and conclusions are supported by sufficient evidence. *In re Condemnation of Property*

*of Waite,* 163 Pa.Cmwlth. 283, 641 A.2d 25, *appeal denied,* 539 Pa. 657, 651 A.2d 543 (1994).

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903.

wise, in *Supplee*, we held that *non pros* was properly entered where there was a ten-year period of inactivity for which the plaintiff provided no compelling reason, which resulted in prejudice to the Commonwealth's case. Mazzaro urges us to overrule *Sporer* and *Supplee*.

In response to Mazzaro's first argument, the County points to *Goetz v. Department of Environmental Resources*, 149 Pa.Cmwlth. 230, 613 A.2d 65 (1992), *appeal denied*, 533 Pa. 663, 625 A.2d 1196 (1993), in which this court held that due process requires only that a party be provided an opportunity to be heard, not an absolute right to be heard; thus, dismissal of an action due to a plaintiff's failure to prosecute does not violate the plaintiff's due process rights. We agree with the County that the trial court's entry of *non pros* due to Mazzaro's failure to diligently proceed with the case did not violate Mazzaro's due process rights.

In *Penn Piping, Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), our supreme court reaffirmed that *non pros* may properly be entered if a party has shown a lack of due diligence by failing to proceed with reasonable promptitude, there is no compelling reason for the delay and the delay has caused prejudice to the adverse party; a delay of two or more years will be presumed prejudicial. Applying the test laid out in *Penn Piping*, we cannot conclude that the trial court erred in granting the County's Petition to *Non Pros*.

■ Mazzaro next argues that the County, as the moving party behind the preliminary objections, bore the burden to ensure that the court promptly ruled upon such preliminary objections. Mazzaro fails to provide any applicable legal basis for this assertion and, in fact, never filed a response to the County's preliminary objections. Mazzaro's failure to respond to the County's preliminary objections will not relieve Mazzaro of the duty to proceed with the suit; this responsibility does not shift to a defendant merely because the defendant files preliminary objections. Moreover, in *Sporer*, in light of the plaintiff's three-year delay, we upheld the grant of *non pros* even though the defendant's preliminary objections had not

yet been ruled on. Thus, this argument by Mazzaro must also fail.

■ Mazzaro next argues that the County waived its opportunity to ask for *non pros* because, over the years of "delay," it indicated a willingness to try the case on its merits. However, Mazzaro still has alleged no events which would suffice to transfer to the County the burden to proceed with the case. Mazzaro is the party bringing suit; therefore, Mazzaro has the duty to proceed with the action and bears the risk of not acting within a reasonable time. *Sporer*. By expressing an interest in defending itself against Mazzaro's suit, the County did not waive its right to request *non pros* and did not negate Mazzaro's lack of promptitude in pursuing the litigation.

Finally, Mazzaro asserts that *Penn Piping* is not applicable to eminent domain cases in light of the fact that section 1–303 of the Eminent Domain Code, 26 P.S. § 1–303, states that it is to provide the complete and exclusive procedure and law to govern such cases.

■ However, in support of this argument, Mazzaro cites only cases which are not binding upon us. These cases seem to state that the Pennsylvania Rules of Civil Procedure do not apply to eminent domain cases. *See Groff v. Commonwealth of Pennsylvania*, 61 D & C 2nd 592 (1973). In *Sporer*, we did state that the rules of civil procedure are merely instructive, not controlling, in eminent domain proceedings; however, we also upheld the trial court's grant of *non pros* in light of the plaintiff's three-year delay in that case. Thus, the application of rules of civil procedure to eminent domain cases is not automatically inappropriate.

■ The County, on the other hand, contends that the rationale of *Penn Piping* does, indeed, apply to this case and was correctly applied here, where there was at least a ten-year, and perhaps as long as a fourteen-year, period of inactivity on the record. We agree.

■ Turning to *Penn Piping*, we note that the court in that case applied the usual test to determine if *non pros* was appropriate, the only difference being that the court deter-

**622**

mined that delays of two or more years will be *presumed* prejudicial. This presumption is rebuttable and may be overcome by a showing that there was a compelling reason for the delay, such as where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. *Penn Piping.*

Because there was at least a ten-year delay in this case, the court properly presumed that the delay was prejudicial, placing the burden upon Mazzaro to establish compelling reason for the delay. Because Mazzaro failed to do so, we cannot conclude that the entry of the *non pros* or the denial of Mazzaro's Petition to Open Judgment was in error or an abuse of discretion.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 21st day of January, 1997, the December 21, 1995 order of the Court of Common Pleas of Allegheny County is affirmed.