# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lake Wynonah Property   :
Owners Association,    :
         :
         :
         :
    v.     : No. 62 C.D. 2018
         : Argued: December 11, 2018
Diane Frey      :
George Schenck    :
Robert J. Gordon    :
         :
Appeal of: George Schenck  :


BEFORE:  **HONORABLE RENÉE COHN JUBELIRER,** Judge
     **HONORABLE ANNE E. COVEY,** Judge
     **HONORABLE ELLEN CEISLER,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**     **FILED: January 4, 2019**

George Schenck (Schenck) appeals from an Order of the Court of Common Pleas of Schuylkill County (common pleas) that denied his Petition to Open, Vacate or in the Alternative Strike-Off Judgment (Petition). The Lake Wynonah Property Owners Association (Association) obtained a judgment against Schenck, his mother, Diane Frey (Frey), and her fiancé, Robert J. Gordon (Gordon) (defendants, collectively),[1] for $29,448.85, representing delinquent dues, assessments, and other

---

[1] Gordon joined in Schenck's Petition but did not appeal common pleas' order denying the Petition. Frey has not challenged the judgment against her.

fees and costs. Schenck asserts he is not the owner of the property located at 1005 Horseman Drive, Auburn, Pennsylvania (subject property) upon which the dues and assessments were levied, and therefore he is not responsible for payment of such costs. He asserts common pleas erred in finding his Petition was untimely filed, finding there were no fatal defects on the face of the record, and failing to open the judgment. Upon review of the record, we discern no errors and, accordingly, affirm.

## I.    Background

The Association commenced this action in December 2011 when it filed a complaint against Frey, Gordon, and Schenck, seeking a total of $3,485.41 in unpaid dues, assessments, and fees. The complaint alleged Frey, Gordon, and Schenck owned the subject property. (Complaint ¶ 3, Reproduced Record (R.R.) at 17a.) The sheriff served the complaint on all three defendants by serving Gordon at the subject property on December 22, 2011. (R.R. at 6a.) On January 5, 2012, an answer with new matter and counterclaim was filed on behalf of all three defendants. The answer admitted ownership as alleged. (Answer ¶ 3, R.R. at 24a.) The answer was verified by Gordon and Frey, but not Schenck. (R.R. at 32a-33a.) It was filed by Attorney Michael J. Fiorillo.

Over the course of the next two years, the parties engaged in extensive discovery, including a number of depositions, in an effort to develop their respective claims and counterclaims.[2] In May 2013, the Association served Requests for Admissions upon the defendants, wherein the defendants were asked whether they

_____

[2] This matter was consolidated with actions against other property owners. Those actions are not at issue here. However, what started as a simple collection matter developed into much more extensive litigation spanning more than six years. The extent of the litigation is evidenced by the Supplemental Reproduced Record numbering more than 1400 pages. The original record received from common pleas is even larger.

2

owned the subject property and were members of the Association. (Requests for Admissions ¶¶ 1, 3, 4, Supplemental Reproduced Record (S.R.R.) at 1324b.) The defendants admitted same. (Response to Requests for Admissions ¶¶ 1, 3, 4, S.R.R. at 1334b.) Frey and Gordon were deposed in August 2014. Frey and Gordon testified at their depositions that they, along with Schenck, owned the subject property. (R.R. at 58a, 60a.) A Stipulation of Facts and Evidence, in which the parties stipulated that Frey, Gordon, and Schenck were owners, was also filed in October 2014. (Stipulation ¶ 4, S.R.R. at 2b.)

One month later, Attorney Fiorillo filed a motion seeking to vacate the stipulation. Therein, he averred that he had mistakenly believed his clients agreed with the stipulation but was subsequently informed they did not. (S.R.R. at 22b.) He also filed a motion to withdraw as counsel. (R.R. at 35a.) Common pleas denied the motion to vacate the stipulation but granted Attorney Fiorillo's request to withdraw as counsel for the defendants. (S.R.R. at 29b, 33b.)

The Association moved for summary judgment based upon the stipulation. (S.R.R. at 34b.) The defendants, now represented by new counsel, also filed a motion for summary judgment. That motion also identified Frey, Gordon, and Schenck as owners of the subject property. (Defendants' Cross-Motion for Summary Judgment ¶ 1, S.R.R. at 693b.) Both motions were granted and denied in part. (S.R.R. at 1240b.)

A pretrial order was issued scheduling a pretrial conference. After the defendants did not appear at the pretrial conference, the Association moved for sanctions. (Original Record Item Nos. 61, 65.) Common pleas granted the motion, dismissing the defendants' counterclaim against the Association and entering judgment in favor of the Association. (R.R. at 37a-38a.) A nonjury trial was

scheduled on the issue of damages. Following the nonjury trial on January 7, 2016, common pleas issued an order finding: (1) Frey, Gordon, and Schenck were owners of the subject property; (2) as owners, they were required to pay dues, assessments, and fees; (3) Frey, Gordon, and Schenck failed to do so; and (4) the total amount due was $29,448.85. (*Id.* at 39a.) The Association filed a praecipe for entry of judgment, which was mailed to Schenck at the subject property. Judgment was entered against the defendants on February 22, 2016. (*Id.* at 2a.) Approximately a year later, the Association started the process to execute on the judgment. In July 2017, while trying to levy on Schenck's property in Cumbola, Pennsylvania, the sheriff was denied entry.

One month later, Attorney Fiorillo filed the Petition seeking to open, vacate, and/or strike the judgment. In the Petition, Schenck alleged Frey was the sole owner of the subject property. (Petition ¶ 4, R.R. at 46a.) Schenck denied owning the subject property at any time and averred that he never resided there.[3] (*Id.* ¶¶ 7, 20, 22.) He acknowledged that Attorney Fiorillo originally represented him but subsequently withdrew, so Schenck proceeded pro se. (*Id.* ¶ 11.) Schenck also admitted to receiving notice of the judgment, but claimed he "erroneously believed that the matter had been resolved in [his] favor and [was] unaware that . . . the $0.00 award of Judgment was actually on a Counterclaim that had been filed." (*Id.* ¶¶ 12-13.) Schenck averred that "[t]he information that was provided to the Court regarding the record owners of the property was false." (*Id.* ¶ 18.) He further alleged that he was unaware of the judgment until the summer of 2017 when the sheriff attempted to levy on his home in Cumbola. (*Id.* ¶ 20.) He asked common pleas to open, vacate, and/or strike the judgment.

---

[3] "[A]t most," Schenck averred, he "was on the 'guest list' for the Lake Wynonah development." (Petition ¶ 22.)

4

In response to the Petition, the Association continued to assert Schenck was an owner of the subject property. In support, it pointed to the answer to the complaint, responses to the Requests for Admissions, the deposition testimony of Frey and Gordon, and the stipulation. In addition, it appended the first page of a deed dated May 20, 2009, reflecting conveyance of the subject property from Frey to Frey, Gordon, and Schenck. (S.R.R. at 1406b.) The deed was purportedly provided to the Association by the defendants. (Response to Petition ¶¶ 5-6, R.R. at 54a.)

On September 21, 2017, common pleas issued its Order denying the Petition. Common pleas found there was no apparent defect on the face of the record that warranted striking off the judgment. As for opening and vacating the judgment, common pleas found the Petition was untimely filed, as the judgment had been entered in January 2016 and the Petition was not filed until August 2017. Common pleas stated Schenck did not meet the criteria for opening the judgment. Aside from the Petition not being promptly filed, common pleas found "[t]here [wa]s no reasonable excuse for its late filing as [Schenck was] given Notice of all Court Rulings through [his] attorney and at the address [he] provided." (Sept. 21, 2017 Order at 2.) Lastly, common pleas concluded Schenck did not have a meritorious defense because there was ample evidence of his ownership. Not only was there deposition testimony to that effect, but there were pleadings, in which Schenck admitted ownership, and a 2009 deed reflecting same. Schenck now appeals from that Order.[4]

---

[4] Schenck originally appealed to the Superior Court but subsequently moved to transfer the appeal to this Court. As the appeal involves the Association, a not-for-profit corporation, the Superior Court granted Schenck's motion and transferred the appeal to this Court by order dated January 16, 2018.

## II. Parties' Arguments

On appeal, Schenck raises three issues: (1) whether common pleas erred in finding the Petition was not timely filed; (2) whether common pleas erred in finding there were no fatal defects apparent on the face of the record; and (3) whether common pleas erred in failing to open the judgment. With regard to the first issue, Schenck argues his Petition was not untimely because it challenged a judgment that was void because it was entered against a non-owner. Void judgments, he claims, can be challenged at any time. Concerning the second issue, Schenck asserts there are at least three fatal defects apparent on the face of the record: (1) his name is not on the recorded deed; (2) he did not admit ownership as he did not verify any of the pleadings and Frey and Gordon gave false testimony to that effect; and (3) the Rule 237[5] notice was defective since it was served on Schenck at the subject property, at which Schenck did not reside or own. Finally, related to the last issue, Schenck claims he did satisfy the requirements to open the judgment. He asserts the Petition was timely in that he filed it shortly after learning of the judgment in the summer of 2017 and, because he did not know about the judgment, there was a good excuse for the delay. He also claims that he had a meritorious defense because he is not the owner of the subject property and is, therefore, not responsible for the dues, assessments, or fees. Schenck argues common pleas erred in relying on the unrecorded deed to support its finding of ownership.

---

[5] A Rule 237 notice refers to the notice required under Rule 237 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 237, which provides:

> No praecipe for entry of judgment upon . . . a decision of a judge following a trial without a jury shall be accepted by the prothonotary unless it includes a certificate that a copy of the praecipe has been mailed to each other party who has appeared in the action or to the attorney of record for each other party.

6

The Association counters that the judgment was appropriate and should be upheld. It claims Schenck admitted ownership through his counsel of record in both pleadings and discovery responses. Although the answer to the complaint was not verified by Schenck, the Association claims it did not need to be because it was verified by his mother, a co-defendant, and, as the grantor, she would have had personal knowledge of the conveyance. In addition, the Association points out that Frey and Gordon testified during their depositions that Schenck was a co-owner. Ownership was also supported by the unrecorded deed, it argues. As for the validity of service of the Rule 237 notice, the Association argues service was proper because it was mailed to the same address where original process was effectuated. Furthermore, Schenck admitted to receiving documents from the prothonotary's office in October 2015, and those notices were sent to the subject property, according to the Association. Finally, the Association asserts that the Petition was not timely because it was not filed for nearly a year and a half after judgment was entered. Even if it is accepted that Schenck did not know of the judgment until the summer of 2017, the Association argues the Petition still would have been untimely because it was not filed until more than a month later. It asks the Court to affirm common pleas' Order.

## III. Discussion

### A. Timeliness of Petition

Schenck first argues common pleas erred in finding his Petition was not timely filed. He asserts there is no time limit to challenging a void judgment such as this. Schenck is correct that "[a] void judgment may be attacked at any time." *Barron v. City of Philadelphia*, 635 A.2d 219, 221 (Pa. Cmwlth. 1993). However, he must still

7

show that the judgment is, in fact, void. Schenck asserts the judgment against him is void because he is not the owner of the subject property and, consequently, is not liable to the Association for the assessments, dues, or fees. He dismisses the 2009 deed purportedly conveying the subject property to him, Frey, and Gordon and, instead, urges this Court to consider the recorded deed to Frey as the best evidence of ownership.

Based upon a review of the record, we agree that the 2009 deed, which was appended to the Association's response to Schenck's Petition, is insufficient by itself to establish ownership. Although purportedly provided to the Association by the defendants, there is no evidence of this. Further, the document itself is incomplete, consisting of just one page. It does not bear Frey's signature. Nor is there any evidence of delivery, which is necessary to render the deed legally operative. *Fiore v. Fiore*, 174 A.2d 858, 859 (Pa. 1961). While "recording of the deed [i]s not essential to its validity or the transition of the title," *id.*, more must be shown than what the Association provided.

However, neither the Association nor common pleas relied solely on the 2009 deed. Rather, there is ample evidence of record indicating that Schenck is a co-owner of the subject property. Frey and Gordon both testified during their depositions that Schenck co-owned the subject property. The answer to the complaint and responses to the Requests for Admissions also admitted ownership. The stipulation also set forth ownership. While Schenck argues all of this was in error and asks this Court to ignore this evidence, he points to no authority for us to do so.

In short, Schenck has not shown that the judgment is void, which would enable him to challenge the judgment at any time.[6]

## B. *Fatal Defects on the Face of the Record*

In his second issue, Schenck argues there are at least three fatal defects apparent on the face of the record that warranted striking the judgment. The Pennsylvania Supreme Court has explained that "[a] petition to strike does not involve the discretion of the court. Instead, it operates as a demurrer to the record," which "admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918 (Pa. 1997) (citation omitted). "Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment." *Id.* at 919. Only if a petition to strike has fatal defects that appear on the face of the record may it be granted. *Id.* Schenck alleges the following fatal defects: (1) the recorded deed that shows Frey is the owner; (2) the lack of verification to the answer to the complaint in which ownership was admitted; and (3) the defective Rule 237 notice.

As previously explained, the first alleged fatal defect, without more, does not entitle Schenck to relief. Although the recorded deed reflects only Frey as owner of the subject property, there was other competent evidence of record to support the finding of ownership.

As for the lack of a verification, that claim also lacks merit. Rule 1024 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 1024, requires factual averments to be verified. The Rule further provides "[t]he verification shall be made

---

[6] Whether Schenck promptly filed his Petition to enable him to have the judgment opened is a different issue, addressed in Part III.C, *infra*.

9

by **one or more** of the parties filing the pleading . . . ." Pa.R.C.P. No. 1024(c) (emphasis added). The answer here was verified by two of the three defendants – Frey and Gordon. While ideally Schenck, too, would have verified the answer, the lack of a verification is not fatal. Importantly, Frey, as the grantor, would have had personal knowledge of ownership of the subject property. She verified that the answer was true and correct to the best of her knowledge. Under the Rules, this was sufficient.[7]

Schenck's argument regarding the defective Rule 237 notice is also meritless. The Rule 237 notice was sent to the subject property, which is where original process was effectuated. Upon Attorney Fiorillo's withdrawal as counsel, there is no evidence that Schenck notified common pleas of any change in his address. Accordingly, the Association properly served the Rule 237 notice by mail at the subject property.[8]

Because Schenck did not show any fatal defects on the face of the record, we conclude common pleas did not err in denying the Petition to the extent it sought to strike the judgment.

---

[7] To the extent Schenck implies Attorney Fiorillo acted without authority to represent him, we also find this argument without merit. In his Petition, which was verified, Schenck admits that Attorney Fiorillo originally represented him. (Petition ¶ 11, R.R. at 47a.) The answer, the responses to the Requests for Admissions, and the stipulation, all of which identified Schenck as an owner, were all filed during this representation.

[8] It is noteworthy that after common pleas entered judgment on the counterclaim as a sanction in the fall of 2015, a notice of the judgment was sent by the prothonotary to Schenck at the address of record, the subject property, which Schenck admits to receiving. (Petition ¶ 12, R.R. at 47a.)

*C. Failure to Open Judgment*

This brings us to Schenck's last issue: whether common pleas erred in refusing to open the judgment. Unlike a petition to strike, "a petition to open a judgment is an appeal to the equitable powers of the court." *Cintas Corp.*, 700 A.2d at 919. "It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion." *Id.* To have a judgment opened, the petitioner must show: (1) the petition to open judgment was timely filed, (2) there is a reasonable explanation or excuse for the delay, and (3) there is a meritorious defense. *Id.*; *City of Philadelphia v. Williams*, 553 A.2d 111, 112 (Pa. Cmwlth. 1989). Common pleas found Schenck did not meet these requirements. We agree.

Generally, "[t]he timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received." *U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. 2009) (quoting *Castings Condo. Ass'n v. Klien*, 663 A.2d 220, 223 (Pa. Super. 1995)). While there is no "specific time frame within which a petition to open a judgment must be filed to qualify as prompt," generally the period is less than one month. *Sales and Mktg. Grp., Inc. v. Pa. Human Relations Comm'n* (Pa. Cmwlth., No. 198 C.D. 2017, filed Jan. 4, 2018), slip op. at 6-7 (surveying treatment of various time periods).[9] While "relevant, the length of the delay is not determinative. Rather, in making our assessment we must look to the reasonableness of the explanation for the delay." *Williams*, 553 A.2d at 112.

Here, the Petition was filed more than a year and a half after judgment was entered. Even if we were to accept Schenck's argument that he was unaware of the

---

[9] *Sales and Marketing Group, Inc.* is an unreported panel decision of this Court, which is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

judgment until July 26, 2017, when the sheriff attempted to levy on his home, 36 days elapsed. In *Williams*, the petition to open judgment was likewise filed 36 days after the judgment had been entered. There, we held the petition was not timely filed because the petitioner did not offer any explanation as to why he waited 36 days to file his petition. *Williams*, 553 A.2d at 112. Schenck similarly offers no explanation as to why he waited 36 days after his encounter with the sheriff to file the Petition. Therefore, we cannot conclude common pleas erred in finding that the Petition was not promptly filed.

Nor can we find any error in common pleas' finding that Schenck offered no reasonable excuse for the delay. The only excuse Schenck provided for the delay in filing the Petition was that he was unaware that a judgment had been entered against him. Assuming, *arguendo*, that this is true, this only serves as an explanation for waiting until July 2017 to file the Petition. It has no impact on his inaction from July 2017 when the sheriff went to his house to August 2017 when he finally filed his Petition. As stated above, Schenck offers no explanation for this delay. Accordingly, common pleas did not err.

Finally, Schenck cannot show that he has a meritorious defense to the action. His entire defense is that he is not the owner or co-owner of the subject property. As already discussed, this argument has been rejected given the evidence to the contrary.

Because Schenck has not shown that the Petition was promptly filed, that he had reasonable excuse for the default, or that he had a meritorious defense, common pleas did not err in refusing to open the judgment. *See Cintas Corp.*, 700 A.2d at 918-19; *Williams*, 553 A.2d at 112.

## IV. Conclusion

Based upon the foregoing, we conclude common pleas did not err in denying Schenck's Petition.  Accordingly, common pleas' Order is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lake Wynonah Property
Owners Association,

         v.

Diane Frey
George Schenck
Robert J. Gordon

Appeal of:  George Schenck

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 62 C.D. 2018

## **O R D E R**

    **NOW**, January 4, 2019, the Order of the Court of Common Pleas of Schuylkill County, in the above-captioned matter, is **AFFIRMED.**

 

                                   _____

                                   **RENÉE COHN JUBELIRER,** Judge